IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC., § | | |
| AND CAROLYN CLAY, Individually, § | | |
| and on Behalf of a Class of Similarly § | | |
| Situated Individuals, § | | |
| § | | |
| Plaintiffs, § | | |
| § | CIVIL ACTION NO. | |
| v. § | | |
| § | _____ | |
| METHODIST HOSPITALS OF § | | |
| DALLAS, AND DALLAS METHODIST § | | |
| HOSPITALS FOUNDATION, § | | |
| § | | |
| Defendants. § | | |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT**

**I.**

**INTRODUCTION**

Plaintiffs White Glove Staffing, Inc. (White Glove), and Carolyn Clay (Clay), individually and on behalf of a class of similarly situated individuals (Class) (collectively Plaintiffs) file this Original Class Action Complaint against Defendants Method Hospitals of Dallas (Methodist) and Dallas Methodist Hospitals Foundation (Foundation) (collectively Methodist).

**II.**

**PARTIES**

1.  Plaintiff White Glove Staffing, Inc. is a corporation organized under the laws of the state of Oklahoma.

2.  Plaintiff Carolyn Clay is an individual and a citizen of the state of Texas.

3.  Defendant Methodist Hospitals of Dallas (Methodist) is a non-profit corporation organized under the laws of the state of Texas with its principal place of business located at 1441

North Beckley Avenue, Dallas, Texas 75203. Methodist may be served with process, including citation and a copy of this lawsuit, by serving Methodist's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4. Defendant Dallas Methodist Hospitals Foundation (Foundation) is a non-profit corporation organized under the laws of the state of Texas with its principal place of business located at 1441 North Beckley Avenue, Dallas, Texas 75203. The Foundation may be served with process, including citation and a copy of this lawsuit, by serving the Foundation's registered agent for service of process, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under federal law.

6. Defendants employ the requisite number of employees for coverage under the relevant federal acts upon which Plaintiffs' claims are based.

## IV.

## VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in Dallas County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas.

8. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1).

## V.

## BACKGROUND FACTS

9. White Glove is a staffing agency.

10. White Glove entered into contractual negotiations with Defendants to provide banquet servers, prep cooks, dishwashers, and set-up crews for Defendants.

11. During initial discussions, Jeff Jennings, Defendants' Food & Beverage Director, told White Glove employees Michael and Shawn White, and Pedro Gutierrez, that "[the Head] Chef prefers Hispanic employees."

12. Before the parties signed a contract, Defendants asked White Glove to supply a prep cook employee.

13. The only available employee White Glove could supply was Plaintiff Carolyn Clay, who is African American.

14. Clay worked at Methodist on or about May 20 and 21, 2016.

15. Clay was sent back to work at Methodist again on or about May 23, 2016.

16. On or about that same day, Jeff Jennings called and told Shawn White that Clay "was probably not going to work out," or words to similar effect, because "Chef prefers Hispanics," or words to similar effect.

17. Jennings asked if White Glove could send someone different.

18. Shawn White told Jennings he would see what he could do.

19. However, White Glove sent Clay back to Methodist on or about May 24, 2016, because she was the only employee they could supply on short notice.

20. Around 8 a.m., the Head Chef told the Second Chef to tell Clay he did not need her.

21. Jennings then spoke by phone with White Glove owner Linda White, and told her "Chef is angry," or words to similar effect, because White Glove sent Clay back to work at Methodist.

22. When asked if Clay had done anything wrong, Jennings could not articulate anything.

23. Jennings told Linda White that "Chef prefers Hispanics, they just work out better," or words to similar effect.

24. Jennings said without Chef being on board, Defendants could not go forward with any contracts with White Glove.

25. Linda White asked Jennings, "So you only want Hispanics?" and Lawson replied "Yes, we only want Hispanics."

26. White said to Jennings, "That's hard to say out loud, isn't it?"

27. Jennings finally replied, "Yeah, but that's the way Chef wants it, and so does our boss," or words to similar effect.

28. Several hours later Jennings called Linda White and told her that Defendants were not going to enter into any contracts with White Glove and that they had chosen another provider.

## VI.

## CAUSES OF ACTION

**A.   First Cause of Action—42 U.S.C. § 1981**

29. Plaintiffs incorporate each of the foregoing paragraphs.

30. Defendants refused to enter into a contract with White Glove because White Glove employs African American employees.

31. Defendants also refused to enter into a contract of employment with Clay because she is African American.

32.  What is more, Defendants' actions deprived the Class of employment opportunities with Defendants, as White Glove would have supplied the Class to work for Defendants.

33.  By refusing to make or enter into contracts with Plaintiffs because of race/color, Defendants' actions violated 42 U.S.C. § 1981.[1]

**B.   Second Cause of Action—Race/Color Discrimination—Title VII**

34.  Plaintiffs incorporate each of the foregoing paragraphs.

35.  Defendants discriminated against Plaintiffs because of race/color.

36.  Defendants' actions violated 42 U.S.C. § 2000e-2(a).

**C.   Third Cause of Action—Race/Color Discrimination—TCHRA[2]**

37.  Plaintiffs incorporate each of the foregoing paragraphs.

38.  Defendants discriminated against Plaintiffs because of race/color.

39.  Defendants' actions violated section 21.051 of the Texas Labor Code.

## VII.

## DAMAGES

40.  Plaintiffs incorporate each of the foregoing paragraphs.

41.  Defendants' actions violated 42 U.S.C. § 1981, which entitles Plaintiffs to recover from Defendants the value of the contract or contracts Plaintiffs and Defendants entered or would have entered, as well as pre-judgment and post-judgment interest.

42.  Plaintiffs are also entitled to recover from Defendants compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

---

[1] *Domino's Pizza v. McDonald*, 546 U.S. 470 (2006).

[2] Texas Commission on Human Rights Act.

43. Because Defendants' actions were done with malice and/or reckless indifference to Plaintiffs' federally-protected rights, Plaintiffs are entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

44. Defendants' actions also violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiffs to recover from Defendants back pay, front pay, as well as pre-judgment and post-judgment interest.

45. Plaintiffs are also entitled to recover from Defendants compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

46. Because Defendants' actions were done with malice and/or reckless indifference to Plaintiffs' federally-protected rights, Plaintiffs are entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

47. Plaintiffs seek all damages available under federal law.

48. Defendants' actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiffs to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

49. Because Defendants' actions were done with malice and/or reckless indifference to Plaintiffs' state-protected rights, Plaintiffs are entitled to recover from Defendants punitive damages.

50. Plaintiffs seek all damages available under the TCHRA.

## VIII.

## ATTORNEY'S FEES AND COSTS

51. Plaintiffs incorporate each of the foregoing paragraphs.

52. Plaintiffs retained the services of undersigned counsel to prosecute Plaintiffs' claims.

53. Pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Texas Labor Code section 21.259, Plaintiffs are entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees and costs.

## IX.

## INJUNCTIVE AND DECLARATORY RELIEF

54. Plaintiffs incorporate each of the foregoing paragraphs.

55. Plaintiffs request the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a. Prohibiting Defendants from engaging in unlawful discrimination;

    b. Ordering Defendants to enter into contractual relationships with White Glove that it would have done were it not for Defendants' unlawful discrimination;

    c. Reinstating Clay's employment with Defendants with backpay;

    d. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    e. Paying court costs;

    f. A declaration that Defendants violated Plaintiffs' rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

    g. Any additional equitable relief as the Court deems proper.

# X.

# PRAYER

56. Plaintiffs respectfully request that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendants and awarding Plaintiffs:

   A. Contractual damages;

   B. Compensatory damages;

   C. Punitive damages;

   D. Reasonable attorney's fees and expert fees;

   E. Injunctive and declaratory relief, including but not limited to, an Order:

   a. Prohibiting Defendants from engaging in unlawful discrimination;

   b. Ordering Defendants to enter into contractual relationships with White Glove that it would have done were it not for Defendants' unlawful discrimination;

   c. Reinstating Clay's employment with Defendants with backpay;

   d. Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

   e. Paying court costs;

   f. A declaration that Defendants violated Plaintiffs' rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff's employment; and

   g. Any additional equitable relief as the Court deems proper.

   F. Courts costs;

   G. Pre-judgment and post-judgment interest at the rate set by law; and

   H. All legal or equitable relief this Court deems proper.

Respectfully submitted,

 /s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@cottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

**AND**

ROYCE B. WEST
Texas Bar No. 21206800
royce.w@westllp.com
VERETTA L. FRAZIER
Texas Bar No. 00793264
veretta.f@westllp.com
**WEST & ASSOCIATES, LP**
320 S.R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
214-941-1881 / 214-364-7138 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**