## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC.<br>AND CAROLYN CLAY, Individually,<br>And on Behalf of a Class of Similarly<br>Situated Individuals<br><br>    Plaintiff,<br><br>v.<br><br>METHODIST HOSPITALS OF<br>DALLAS, AND DALLAS METHODIST<br>HOSPITALS FOUNDATION<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Methodist Hospitals of Dallas and Methodist Hospitals Foundation (collectively, "Defendants"), and file this their Rule 12(b)(6) Motion to Dismiss and for same would respectfully show the Court as follows:

### I.
### RELIEF REQUESTED

Plaintiff Carolyn Clay ("Clay") and White Glove Staffing, Inc. ("White Glove") (collectively, "Plaintiffs") filed their Original Class Action Complaint on May 2, 2017. Plaintiffs served Defendants on May 9, 2017. Defendants seek dismissal of the following claims asserted in Plaintiffs' Original Class Action Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs have failed to state a claim upon which relief can be granted:

a) White Glove's claim pursuant to Title VII because White Glove is not an individual who can be discriminated against with respect to compensation, terms, conditions, or

privileges of employment and because White Glove did not have or seek an employment relationship with Defendants;

b) White Glove's claim pursuant to the Texas Commission on Human Rights Act ("TCHRA") because White Glove is not an individual that had or sought an employment relationship with Defendants;

c) White Glove's claim pursuant to 42 U.S.C. § 1981 because White Glove is not a member of a racial minority;

d) White Glove and Clay's claims pursuant to Title VII because neither Plaintiff has received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"); and

e) White Glove and Clay's claims asserted "on behalf of a class of similarly situated individuals" because Plaintiffs have failed to set forth factual allegations to support such claims.

## II.
## ARGUMENTS AND AUTHORITY

### A.    White Glove's Title VII Claim – No Standing.

White Glove lacks standing to assert a claim pursuant to Title VII because it is not an individual who can be discriminated against with respect to compensation, terms, conditions, or privileges of employment and because it did not have or seek an employment relationship with Defendants. "To have standing as a person aggrieved under Title VII the plaintiff must show that (1) he has actually suffered an injury and (2) that the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute … in question." *Patton v. United Parcel Service, Inc.*, 910 F. Supp. 1250, 1278 (S.D. Tex. 1995) (quoting *Feng v. Sandrik*, 636 F.Supp. 77, 82 (N.D. Ill. 1986)). Title VII prohibits an employer from failing or refusing to hire or to discharge *any individual* or otherwise discriminating against

*any individual* with respect to his compensation, terms, conditions, or privileges of employment because of *such individual's* race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). By its own admission, White Glove is a corporation that provides staffing agency services. *See* Plaintiffs' Original Class Action Complaint at 1, ¶ 1; 3 ¶ 9. It is not an individual with a race, color, religion, sex, or national origin. Therefore, White Glove cannot seek the protections afforded under Title VII, and its Title VII claims should be dismissed. *Id.*

Further, a Title VII claim must necessarily involve an employment relationship with an individual. *Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988). Independent contractors are not afforded protection under Title VII. *See Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). The Fifth Circuit has applied the hybrid economic realities/common law control test to determine whether an individual is an "employee" for Title VII purposes. *See, e.g., Diggs*, 847 F.2d at 272. "The economic realities/common law control test considers the economic realities of the work relationship, and the extent to which the one for whom the work is being done has the right to control the details and the means by which the work is to be performed, with emphasis on the latter control factor." *See id.* Additionally, courts are to consider the following factors in determining whether an employee-employer relationship exists for Title VII purposes:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer;" (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Id.* at 272-273.

---

Here, White Glove was not an employee of and did not seek employment with Defendants. *Id.* To the contrary, White Glove alleges that it "entered into contractual negotiations with Defendants to provide banquet servers, prep cooks, dishwashers, and set-up crews for Defendants" and complains that Defendants ultimately refused to enter into any such contracts with White Glove. *See id.* at 3 ¶ 10; 4 ¶ 28. White Glove does not assert the existence of any employment relationship between itself and Defendants but, rather, complains that Defendants declined to contract with White Glove for White Glove's staffing services as an independent contractor. Accordingly, White Glove has failed to state a claim upon which relief can be granted, and Defendants respectfully request White Glove's Title VII claim be dismissed.

## B.    White Glove's TCHRA Claim – No Standing.

White Glove lacks standing to assert a claim pursuant to TCHRA because it is not an individual that had or sought an employment relationship with Defendants. Like Title VII, the TCHRA prohibits an employer for failing or refusing to hire *an individual*, discharging *an individual*, or discriminating in any other manner against *an individual* in connection with compensation or the terms, conditions, or privileges of employment because of *the individual's* race, color, disability, religion, sex, national origin, or age. *See* TEX. LABOR CODE ANN. § 21.051. An individual lacks standing to state a viable cause of action under the TCHRA if the individual is not in an employment relationship with or an applicant for employment with the defendant. *See Patton*, 910 F.Supp. 1278; *Capozzelli v. Allstate Ins. Co.*, Civ. A. 2:13-cv-00260-JRG, 2014 WL 786426 (E.D. Tex., Feb. 24, 2014).

As set forth in Section II(A) above, White Glove is not an individual, did not have an employment relationship with Defendants, and did not seek an employment relationship with Defendants. Accordingly, White Glove has failed to state a claim upon which relief can be granted, and Defendants respectfully request White Glove's TCHRA claim be dismissed.

---

## C.   White Gloves' Section 1981 Claim – No Standing.

White Glove lacks standing to assert a claim pursuant to 42 U.S.C. § 1981 because White Glove is not a member of a racial minority.  To set forth a claim of race discrimination under Section 1981, a plaintiff must establish "(1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 357 (5th Cir. 2003); *Morris v. Dillards Dept. Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

As set forth in Section II(A) above, White Glove is a corporation and cannot be a member of a racial minority.  Accordingly, White Glove cannot state a claim upon which relief can be granted under Section 1981, and Defendants respectfully request White Glove's Section 1981 claim be dismissed.

## D.   Plaintiffs' Title VII Claims – Failed to Exhaust Administrative Remedies.

Both White Glove and Clay's claims pursuant to Title VII should be dismissed because neither Plaintiff has received a right to sue letter from the EEOC.  "Before instituting a Title VII claim in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right to sue the respondent named in the charge." *Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982); *see also* 42 U.S.C. § 2000e-5.  "[A] prematurely filed suit is subject to dismissal upon proper motion at any time prior to the receipt of statutory notice of the right to sue." *See Pinkard*, 678 F.2d at 1219 n.6.

Here, neither Plaintiff has exhausted the required administrative prerequisites because neither Plaintiff has received a right to sue letter from the EEOC.  Accordingly, Defendants respectfully request Plaintiffs' Title VII claims be dismissed.

**E.     Plaintiffs' Claims on Behalf of Similarly Situated Individuals – No Factual Basis.**

White Glove and Clay's claims asserted "on behalf of a class of similarly situated individuals" should be dismissed because Plaintiffs have failed to set forth factual allegations to support such claims. A complaint must set forth "'a short plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *See* FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal* 556 U.S. 662, 677-78 (2009). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" will not suffice. *Ashcroft*, 556 U.S. at 678. Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 679.

Here, Plaintiffs' Original Class Action Complaint contains only two references to the claims they are asserting on behalf of "similarly situated individuals":   (1) Section I ("Introduction"), which states Plaintiffs are asserting claims "individually and on behalf of a class of similarly situated individuals (Class)"; and (2) Paragraph 32, which states: "Defendants' actions deprived the Class of employment opportunities with Defendants, as White Glove would have supplied the Class to work for Defendants." *See* Plaintiffs' Original Class Action Complaint at 1; 5 ¶ 32. Plaintiffs' Original Class Action Complaint fails to set forth any facts to support their naked assertions that a class of "similarly situated individuals" was denied employment opportunities or that "White Glove would have supplied the Class to work for Defendants." *See id.* To the contrary, Plaintiffs' Complaint states that, aside from Clay, it had no other employees it could supply to work for Defendants. *See id.* at 3 ¶ 19. Accordingly, Plaintiffs have failed to provide factual allegations to support their claims on behalf of "similarly situated individuals," and Defendants respectfully request such claims be dismissed.

DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS AND BRIEF IN SUPPORT – Page 6
1365261.1 217-1411

## III.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants pray that the Court grant their Rule 12(b)(6) Motion to Dismiss, dismiss all of Plaintiff White Glove Staffing's claims, dismiss Plaintiff Carolyn Clay's Title VII claim, dismiss Plaintiffs' claims asserted on behalf of "similarly situated individuals," and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:    /s/ Simon D. Whiting
       SIMON D. WHITING
       Texas State Bar No.: 21373600
       NICOLE L. TONG
       Texas State Bar No.: 21466202

       500 North Akard Street, Suite 3100
       Dallas, Texas 75201-6697
       Telephone: 214-740-3119
       Facsimile: 214-740-2832
       Email: swhiting@brlaw.com

       ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

DATED: May 25, 2017.

/s/ Simon D. Whiting
SIMON D. WHITING