IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC. AND CAROLYN CLAY, Individually, And on Behalf of a Class of Similarly Situated Individuals<br><br>     Plaintiff,<br><br>v.<br><br>METHODIST HOSPITALS OF DALLAS, AND DALLAS METHODIST HOSPITALS FOUNDATION<br><br>     Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT SUBJECT TO DEFENDANTS' 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively, "Defendants"), and file this their Original Answer To Plaintiffs' Class Action Complaint Subject To Defendants' 12(b)(6) Motion to Dismiss and for same would respectfully show the Court as follows:

## I.
## INTRODUCTION

No response necessary. Defendants deny Plaintiffs have plead sufficient facts for certifying a class or maintaining a class action under Federal Rule of Civil Procedure 23.

## II.
## PARTIES

1.    Admitted.

2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

3.    Admitted.

4.    Admitted.   However, Defendants deny Defendant Dallas Methodist Hospitals Foundation is a proper party to this action.

## III.
## JURISDICTION

5.    Admitted.

6.    Admitted.

## IV.
## VENUE

7.    Admitted.

8.    Admitted.

## V.
## BACKGROUND FACTS

9.    Admitted.

10.    Admitted that Methodist Hospitals of Dallas entered discussions with Plaintiff White Glove Staffing, Inc. ("White Glove") about potentially contracting for supplemental staffing, otherwise denied.

11.    Denied.

12.    Admitted that Methodist Hospitals of Dallas and White Glove never entered into a contract and that Methodist Hospitals of Dallas requested a supplemental staffing employee from White Glove, otherwise denied.

13.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

14.    Admitted.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

16.    Admitted that Methodist Hospitals of Dallas told White Glove that Plaintiff Carolyn Clay ("Clay") was not meeting Methodist Hospitals of Dallas' work standards, otherwise denied.

17.    Admitted.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

19.    Admitted that White Glove sent Clay back to Methodist Hospitals of Dallas after Methodist Hospitals of Dallas told White Glove that Clay was not meeting Methodist Hospitals of Dallas' work standards, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Admitted that Methodist Hospitals of Dallas declined to enter into a contract with White Glove, otherwise denied.

## VI.
## CAUSES OF ACTION

**A.      First Cause of Action – 42 U.S.C. § 1981**

29.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 28 as if stated fully herein.

30.      Denied.

31.      Denied.

32.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

33.      Denied.

**B.      Second Cause of Action – Race/Color Discrimination – Title VII**

34.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 33 as if stated fully herein.

35.      Denied.

36.      Denied.

**C.      Third Cause of Action – Race/Color Discrimination – TCHRA**

37.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 36 as if stated fully herein.

38.      Denied.

39.      Denied.

## VII.
## DAMAGES

40.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 39 as if stated fully herein.

41.      Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    No response necessary.

48.    Denied.

49.    Denied.

50.    No response necessary.

## VIII.
## ATTORNEY'S FEES AND COSTS

51.    No response necessary.  Defendants likewise incorporate their answers to Paragraphs 1 through 50 as if stated fully herein.

52.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

53.    Denied.

## IX.
## INJUNCTIVE AND DECLARATORY RELIEF

54.    No response necessary.  Defendants likewise incorporate their answers to Paragraphs 1 through 53 as if stated fully herein.

55.    Defendants deny that Plaintiffs are entitled to an order providing any injunctive or declaratory relief, including any of the relief set forth in sub-sections (a) through (g) of Paragraph 55.

## X.
## PRAYER

56.     Defendants deny that Plaintiffs are entitled to judgment against Defendants or an award of any of the relief prayed for in sub-sections (A) through (H) of Paragraph 56.

## XI.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.     Defendant Dallas Methodist Hospitals Foundation specifically denies it is a proper party to this action and denies any involvement in the matters alleged in this lawsuit.

### SECOND DEFENSE

2.     In the alternative, and by way of affirmative defense, Defendants' actions with respect to Plaintiffs were legitimate and non-discriminatory.

### THIRD DEFENSE

3.     In the alternative, and by way of affirmative defense, if Plaintiffs sustained any damages, then such damages should be reduced by the amount that Plaintiffs could reasonably have mitigated such damages by proper action and by the amount Plaintiffs have actually mitigated such alleged damages, if any.

### FOURTH DEFENSE

4.     In the alternative, and by way of affirmative defense, the Plaintiffs failed to mitigate their damages and did not use reasonable diligence to obtain comparable employment and/or contracts, and are barred from collecting back pay and benefits and other relief.

### FIFTH DEFENSE

5.     In the alternative, and by way of affirmative defense, to the extent that Defendants are found responsible or liable for any of the damages allegedly sustained by Plaintiffs, if at all,

that such damages should be offset and Defendants credited for any benefit received by Plaintiffs and/or monies paid to Plaintiffs, which originated from or were provided by Defendants. This offset also applies to any interim earnings/wages/income, unemployment, and unemployment compensation benefits that Plaintiffs may have received.

## SIXTH DEFENSE

6.      Defendants plead affirmatively that, to the extent they are found responsible or liable for any of the damages allegedly sustained by Plaintiffs, such damages should be reduced in accordance with the after acquired evidence rule as set forth in *McKennon v. Nashville Banner Pub Co.*, 513 U.S. 325 (1995).

## SEVENTH DEFENSE

7.      Defendants pleads affirmatively that Plaintiffs are not entitled to punitive damages in accordance with *Kolstad v. American Dental Association*, 527 U.S. 526 (1999) because Defendants have made "good faith" efforts to comply with Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §1991, and Chapter 21 of the TEXAS LABOR CODE.

## EIGHTH DEFENSE

8.      Defendants plead affirmatively that Plaintiffs are not entitled to recover pre-judgment interest in this case. In the alternative, if pre-judgment interest is recoverable, it is limited in keeping with §304 of the TEXAS FINANCE CODE.

## X.
## CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants deny Plaintiffs are entitled to any relief under their pleadings and deny Plaintiffs have their burden of proof for certifying a class or maintaining a class action under Federal Rule of Civil Procedure 23; and Defendants further pray Plaintiffs take nothing by their suit herein, that the Court finds Plaintiffs have

brought a groundless action, and that Defendants recover their costs, attorney's fees, and such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:   /s/ Simon D. Whiting
      SIMON D. WHITING
      Texas State Bar No.: 21373600
      NICOLE L. TONG
      Texas State Bar No.: 21466202

      500 North Akard Street, Suite 3100
      Dallas, Texas 75201-6697
      Telephone: 214-740-3119
      Facsimile: 214-740-2832
      Email: swhiting@brlaw.com
      Email: ntong@brlaw.com

      ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

DATED: May 25, 2017.

/s/ Simon D. Whiting
SIMON D. WHITING

---