**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC., | § | |
| AND CAROLYN CLAY, Individually, | § | |
| and on Behalf of a Class of Similarly | § | |
| Situated Individuals, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **3:17-CV-01158-K** |
| METHODIST HOSPITALS OF | § | |
| DALLAS, AND DALLAS METHODIST | § | |
| HOSPITALS FOUNDATION, | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

### I.

### INTRODUCTION

Plaintiffs White Glove Staffing, Inc. (White Glove), and Carolyn Clay (Clay), individually and on behalf of a class of similarly situated individuals (Plaintiff Class) (collectively Plaintiffs) file this First Amended Class Action Complaint against Defendants Method Hospitals of Dallas (Methodist) and Dallas Methodist Hospitals Foundation (Foundation) (collectively Methodist).

## II.

## PARTIES

1.      Plaintiff White Glove Staffing, Inc. is a corporation organized under the laws of the state of Oklahoma.

2.      Plaintiff Carolyn Clay is an individual and a citizen of the state of Texas.

3.      Defendant Methodist Hospitals of Dallas (Methodist) is a non-profit corporation organized under the laws of the state of Texas with its principal place of business located at 1441 North Beckley Avenue, Dallas, Texas 75203.  Methodist has appeared and answered.

4.      Defendant Dallas Methodist Hospitals Foundation (Foundation) is a non-profit corporation organized under the laws of the state of Texas with its principal place of business located at 1441 North Beckley Avenue, Dallas, Texas 75203.  The Foundation has appeared and answered.

## III.

## JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims arising under federal law.

6.      Defendants employ the requisite number of employees for coverage under the relevant federal acts upon which Plaintiffs and the Plaintiff Class' claims are based.

## IV.

### VENUE

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in Dallas County, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas.

8. Dallas County lies within the Dallas Division of the Northern District of Texas, as set forth in 28 U.S.C. § 124(a)(1).

## V.

### BACKGROUND FACTS

9. White Glove is a staffing agency.

10. White Glove entered into contractual negotiations with Defendants to provide banquet servers, prep cooks, dishwashers, and set-up crews for Defendants.

11. During initial discussions, Jeff Jennings, Defendants' Food & Beverage Director, told White Glove employees Michael and Shawn White, and Pedro Gutierrez, that "[the Head] Chef prefers Hispanic employees."

12. Before the parties signed a contract, Defendants asked White Glove to supply a prep cook employee.

13. The only available employee White Glove could supply was Plaintiff Carolyn Clay, who is African American.

14. Clay worked at Methodist on or about May 20 and 21, 2016.

15. Clay was sent back to work at Methodist again on or about May 23, 2016.

16. On or about that same day, Jeff Jennings called and told Shawn White that Clay "was probably not going to work out," or words to similar effect, because "Chef prefers Hispanics," or words to similar effect.

17.    Jennings asked if White Glove could send someone different.

18.    Shawn White told Jennings he would see what he could do.

19.    However, White Glove sent Clay back to Methodist on or about May 24, 2016, because she was the only employee they could supply on short notice.

20.    Around 8 a.m., the Head Chef told the Second Chef to tell Clay he did not need her.

21.    Jennings then spoke by phone with White Glove owner Linda White, and told her "Chef is angry," or words to similar effect, because White Glove sent Clay back to work at Methodist.

22.    When asked if Clay had done anything wrong, Jennings could not articulate anything.

23.    Jennings told Linda White that "Chef prefers Hispanics, they just work out better," or words to similar effect.

24.    Jennings said without Chef being on board, Defendants could not go forward with any contracts with White Glove.

25.    Linda White asked Jennings, "So you only want Hispanics?" and Lawson replied "Yes, we only want Hispanics."

26.    White said to Jennings, "That's hard to say out loud, isn't it?"

27.    Jennings finally replied, "Yeah, but that's the way Chef wants it, and so does our boss," or words to similar effect.

28.    Several hours later Jennings called Linda White and told her that Defendants were not going to enter into any contracts with White Glove and that they had chosen another provider.

---

**Plaintiffs' First Amended Class Action Complaint**                                    **Page 4**

29.     White Glove routinely employs African American employees, and would have provided African American employees to work for Defendants had Defendants not engaged in unlawful race and color discrimination.

30.     White Glove expected to provide anywhere from 40 to 75 employees to Defendants over the course of two years had their contract negotiations finished, which was not speculative given that Defendants had already started using White Glove to supply employees.

31.     The sole reason Defendants did not enter into contracts with White Glove to have White Glove provide banquet servers, prep cooks, dishwashers, and set-up crews for Defendants was because of Defendants' refusal to allow White Glove to send African American employees to work for Defendants, as Defendants' Hispanic chef mandated.

32.     Plaintiffs seek to represent the class of employees that White Glove would have provided to Defendants as banquet servers, prep cooks, dishwashers, and set-up crews were it not for Defendants' unlawful race and color discrimination.

33.     Defendants' stated pattern and practice of unilaterally refusing to employ African Americans because Defendants' head chef prefers otherwise is unlawful under both state and federal law.

## VI.

## CAUSES OF ACTION

### A.    First Cause of Action—42 U.S.C. § 1981

34.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

35.    Defendants refused to enter into a contract with White Glove because White Glove employs African American employees.

36.    Defendants also refused to enter into a contract of employment with Clay because she is African American.

37.    What is more, Defendants' actions deprived the Plaintiff Class of employment opportunities with Defendants, as White Glove would have supplied the Plaintiff Class to work for Defendants.

38.    By refusing to make or enter into contracts with Plaintiffs and the Plaintiff Class because of race/color, Defendants' actions violated 42 U.S.C. § 1981.[1]

### B.    Second Cause of Action—42 U.S.C. § 1981 Retaliation

39.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

40.    When White Glove refused to remove Clay as an employee from Defendants' facilities, Defendants retaliated against both White Glove and Clay by terminating Clay's employment and terminating contractual negotiations with White Glove.

41.    What is more, Defendants' retaliatory actions deprived the Plaintiff Class of employment opportunities with Defendants, as White Glove would have supplied the Plaintiff Class to work for Defendants.

42.    Defendants' actions violated 42 U.S.C. § 1981.

---

[1] *Domino's Pizza v. McDonald*, 546 U.S. 470 (2006).

C.    **Third Cause of Action—Race/Color Discrimination—Title VII**

43.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

44.    Defendants discriminated against Plaintiffs and the Plaintiff Class because of race/color.

45.    Defendants' actions violated 42 U.S.C. § 2000e-2(a).

D.    **Fourth Cause of Action—Unlawful Retaliation—Title VII**

46.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

47.    When White Glove refused to remove Clay as an employee from Defendants' facilities, Defendants retaliated against both White Glove and Clay by terminating Clay's employment and terminating contractual negotiations with White Glove.

48.    What is more, Defendants' retaliatory actions deprived the Plaintiff Class of employment opportunities with Defendants, as White Glove would have supplied the Plaintiff Class to work for Defendants.

49.    Defendants' actions violated 42 U.S.C. § 2000e-3(a).

E.    **Fifth Cause of Action—Race/Color Discrimination—TCHRA[2]**

50.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

51.    Defendants discriminated against Plaintiffs and the Plaintiff Class because of race/color.

52.    Defendants' actions violated section 21.051 of the Texas Labor Code.

F.    **Sixth Cause of Action—Unlawful Retaliation—TCHRA**

53.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

---

[2] Texas Commission on Human Rights Act.

54.     When White Glove refused to remove Clay as an employee from Defendants' facilities, Defendants retaliated against both White Glove and Clay by terminating Clay's employment and terminating contractual negotiations with White Glove.

55.     What is more, Defendants' retaliatory actions deprived the Plaintiff Class of employment opportunities with Defendants, as White Glove would have supplied the Plaintiff Class to work for Defendants.

56.     Defendants' actions violated section 21.051 of the Texas Labor Code.

## VII.

## CLASS ALLEGATIONS

57.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

58.     Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this action on behalf of themselves and all others similarly situated, as representatives of the following class:

> **All employees of White Glove staffing who would have been supplied to Defendants to be banquet servers, prep cooks, dishwashers, and set-up crews.**

59.     As described below, this action satisfies all required elements for class certification.

### A.     Numerosity (Rule 23(a)(1))

60.     The persons in the Plaintiff Class are so numerous that joinder of all members is impracticable.

61.     Plaintiffs have represented to the Court that the Plaintiff Class contains 40 to 75 individuals.

62.     Plaintiffs are able to identify all members of the Plaintiff Class through White Glove.

---

**B.      Commonality (Rule 23(a)(2))**

63.      There are common questions of law and/or fact affecting the Plaintiff Class.

64.      Specifically, the predominant common question includes whether Defendants refused to hire or employ African American employees supplied by White Glove who would have worked for Defendants as banquet servers, prep cooks, dishwashers, and set-up crews.

**C.      Typicality (Rule 23(a)(3))**

65.      Plaintiffs' claims are typical of the claims of the Plaintiff Class, in that Defendants intentionally discriminated against African Americans because of their race and color, denying them employment opportunities for no reason other than their race and color.

66.      All members of the Plaintiff Class sustained damages stemming from Defendants' discriminatory conduct.

**D.      Adequacy (Rule 23(a)(4))**

67.      Plaintiffs will fairly and adequately represent the interests of the Plaintiff Class.

68.      In support of this proposition, Plaintiffs show they (a) are members of the Plaintiff Class, (b) desire to represent the Plaintiff Class, (c) are willing to pay the costs of notice and litigation, (d) have no interests adverse to other members of the Plaintiff Class, and (e) suffered the same harm as the Plaintiff Class.

**E.      Inconsistent or Varying Results (Rule 23(b)(1)(A))**

69.      The prosecution of 40 to 75 separate actions would create a risk of varying or inconsistent adjudications with respect to individual members of the Plaintiff Class, which would establish incompatible standards of conduct for Defendants.

**F.      Individual Adjudication (Rule 23(b)(1)(B))**

70.      Prosecution of separate actions with respect to individual members of the Plaintiff Class would as a practical matter be dispositive of the interests of the other members not parties to

the adjudications, and/or would substantially impair or impede their ability to protect their interests.

**G.   Defendants Have Acted Consistent Toward Plaintiffs and the Plaintiff Class (Rule 23(b)(2))**

71.   Defendants have acted the same with respect to Plaintiffs and the Plaintiff Class as it pertains to their prospects for employment and their refusal to employ African Americans as banquet servers, prep cooks, dishwashers, and set-up crews.

**H.   Common Questions of Law and Fact Apply to all Members of the Plaintiff Class (Rule 23(b)(3))**

72.   Questions of law and fact common to all class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

73.   The potential class members have no interest in controlling individually the claims asserted in this lawsuit.

74.   This lawsuit is the only action currently on file addressing the matters addressed herein, and the case has been pending for over one year to date.

75.   The current forum is the most convenient forum to adjudicate the claims of the Plaintiff Class.

76.   Because the size of the proposed class is 40 to 75, the size of the proposed class makes the proposed class manageable and appropriate for class treatment.

**I.   Adequacy of Class Counsel**

77.   Scott |Perez LLP requests appointment as class counsel.

78.   Scott | Perez LLP has extensive experience with class action litigation and other relevant litigation, including employment law claims and claims for unpaid wages.

79.   Scott | Perez LLP has spent time speaking with Plaintiffs about the claims.

80.     Scott | Perez LLP will be able to devote the time and resources to this litigation necessary to represent the interests of the Plaintiff Class.

## VIII.

## DAMAGES

81.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

82.     Defendants' actions violated 42 U.S.C. § 1981, which entitles Plaintiffs and the Plaintiff Class to recover from Defendants the value of the contract or contracts Plaintiffs and the Plaintiff Class and Defendants entered or would have entered, and the value of services Plaintiffs and the Plaintiff Class would have performed had they been employed by Defendants through White Glove, as well as pre-judgment and post-judgment interest.

83.     Plaintiffs and the Plaintiff Class are also entitled to recover from Defendants compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

84.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiffs' federally-protected rights, Plaintiffs and the Plaintiff Class are entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

85.     Defendants' actions also violated 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a), which entitles Plaintiffs and the Plaintiff Class to recover from Defendants back pay, front pay, as well as pre-judgment and post-judgment interest.

86.     Plaintiffs and the Plaintiff Class are also entitled to recover from Defendants compensatory damages as provided for under 42 U.S.C. § 1981a(a)(1).

87.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiffs and the Plaintiff Class' federally-protected rights, Plaintiffs and the Plaintiff Class are entitled to recover from Defendants punitive damages as provided for under 42 U.S.C. § 1981a(a)(1) and (b)(1).

88.     Plaintiffs and the Plaintiff Class seek all damages available under federal law.

89.     Defendants' actions also violated the Texas Commission on Human Rights Act, which entitles Plaintiffs and the Plaintiff Class to recover from Defendants back pay, front pay, compensatory damages, as well as pre-judgment and post-judgment interest.

90.     Because Defendants' actions were done with malice and/or reckless indifference to Plaintiffs' state-protected rights, Plaintiffs and the Plaintiff Class are entitled to recover from Defendants punitive damages.

91.     Plaintiffs and the Plaintiff Class seek all damages available under the TCHRA.

92.     Plaintiffs and the Plaintiff Class' damages include the damage of loss of association/being denied the right to associate with a diverse employee population as a result of Defendants' intentional discrimination, and/or being able to employ and participate in a diverse workforce.

## IX.

## ATTORNEY'S FEES AND COSTS

93.     Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

94.     Plaintiffs retained the services of undersigned counsel to prosecute Plaintiffs' claims.

95.     Pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Texas Labor Code section 21.259, Plaintiffs and the Plaintiff Class are entitled to recover a reasonable attorneys' fee from Defendants, including reasonable expert fees and costs.

## X.

## <u>INJUNCTIVE AND DECLARATORY RELIEF</u>

96.    Plaintiffs and the Plaintiff Class incorporate each of the foregoing paragraphs.

97.    Plaintiffs and the Plaintiff Class request the Court enter an order providing injunctive and declaratory relief including, but not limited to:

    a.    Prohibiting Defendants from engaging in unlawful discrimination;

    b.    Ordering Defendants to enter into contractual relationships with White Glove that it would have done were it not for Defendants' unlawful discrimination;

    c.    Reinstating Clay's employment with Defendants with backpay;

    d.    Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

    e.    Paying court costs;

    f.    A declaration that Defendants violated Plaintiffs and the Plaintiff Class' rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff and the Plaintiff Class' employment; and

    g.    Any additional equitable relief as the Court deems proper.

## XI.

## <u>JURY DEMAND</u>

98.    Plaintiffs demand a jury trial.

---

**Plaintiffs' First Amended Class Action Complaint**        **Page 13**

## XII.

## PRAYER

99.     Plaintiffs and the Plaintiff Class respectfully request that Defendants be cited to appear and answer, and that upon final trial of this matter, the Court enter judgment against Defendants and awarding Plaintiffs and the Plaintiff Class:

A.     Contractual damages;

B.     Compensatory damages;

C.     Punitive damages;

D.     Reasonable attorney's fees and expert fees;

E.     Injunctive and declaratory relief, including but not limited to, an Order:

      a.     Prohibiting Defendants from engaging in unlawful discrimination;

      b.     Ordering Defendants to enter into contractual relationships with White Glove that it would have done were it not for Defendants' unlawful discrimination;

      c.     Reinstating Clay's employment with Defendants with backpay;

      d.     Reporting to the Court on the manner of compliance with the terms of a final order issued by this Court;

      e.     Paying court costs;

      f.     A declaration that Defendants violated Plaintiffs and the Plaintiff Class' rights under state and federal law, engaged in unlawful employment discrimination, and considered an illegal factor in terminating Plaintiff and the Plaintiff Class' employment; and

      g.     Any additional equitable relief as the Court deems proper.

F.     Courts costs;

G.     Pre-judgment and post-judgment interest at the rate set by law; and

H.     All legal or equitable relief this Court deems proper.

Respectfully submitted,


 /s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
matt.scott@cottperezlaw.com
JAVIER PEREZ
Texas Bar No. 24083650
javier.perez@scottperezlaw.com
**SCOTT | PEREZ LLP**
Founders Square
900 Jackson Street, Suite 550
Dallas, Texas 75202
214-965-9675 / 214-965-9680 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**


**AND**

ROYCE B. WEST
Texas Bar No. 21206800
royce.w@westllp.com
VERETTA L. FRAZIER
Texas Bar No. 00793264
veretta.f@westllp.com
**WEST & ASSOCIATES, LLP**
320 S.R.L. Thornton Freeway, Suite 300
Dallas, Texas 75203
214-941-1881 / 214-364-7138 (Facsimile)
**ATTORNEYS FOR PLAINTIFFS**

---

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served on all counsel of record via the Court's ECF system on June 15, 2017.


 /s/ Matthew R. Scott
MATTHEW R. SCOTT

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

| Texas Workforce Commission, Civil Rights Division | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Carolyn Clay** | **469-685-7378** | **1/26/1961** |

| Street Address | City, State and ZIP Code |
|---|---|
| **9520 Royal Lane #207, Dallas, Texas 75243** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **Methodist Hospitals of Dallas/Methodist Health System/ Methodist Dallas Medical Center** | **500+** | **214-947-8181** |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☒ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☐ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
                  **5/24/2016**

☐ CONTINUING ACTION

*RECEIVED JUL 12 2016 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DALLAS DISTRICT*

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Personal Harm:**

White Glove is a staffing company. White Glove found me work at Methodist. I worked for Methodist on or about May 20th, May 21st, May 23rd, and May 24th. I was abruptly sent home on May 24th for no reason.

I now know that the reason I was sent home was because I am black. According to Linda White, Methodist told White Glove it only wanted Hispanic employees.

**Respondent's Reason for Adverse Action:**
None.

**Discrimination Statement:**
I have been discriminated against because of my race and color in violation of Title VII of the Civil Rights Act of 1964, the Texas Commission on Human Rights Act, and 42 U.S.C. § 1981.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 6/27/2016  *Carolyn Clay* | *Carolyn Clay* |
| Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* 06-27-2016 |
| | MISSAEL ELI RODRIGUEZ Notary Public, State of Texas My Commission Expires December 05, 2018 |

COPY

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| **Texas Workforce Commission, Civil Rights Division** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **White Glove Staffing Inc. (Linda White)** | **469-804-4020** | n/a |

| Street Address | City, State and ZIP Code |
|---|---|
| **1001 Business Parkway, Richardson, Texas 75081** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **Methodist Hospitals of Dallas/Methodist Health System/ Methodist Dallas Medical Center** | **500+** | **214-947-8181** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1441 North Beckley Avenue, Dallas, Texas 75203** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED JUL 12 2016 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION DALLAS DISTRICT

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN | Earliest          Latest |
| ☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION | **5/24/2016** |
| ☐ OTHER (Specify) | ☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**Personal Harm:**

White Glove is a staffing agency. White Glove entered into contractual negotiations with Methodist to provide banquet servers, prep cooks, dishwashers, and set-up crews for Methodist. During initial discussions, Jeff Lawson, Methodist's Food & Beverage Director, told White Glove employees Michael and Sean White, and Pedro Gutierrez, that "[the Head] Chef prefers Hispanic employees." Before the parties signed a contract, Methodist asked White Glove to supply a prep cook employee. The only available employee White Glove could supply was Carolyn Clay, who is black. Carolyn worked at Methodist on or about May 20th and 21st. She was sent back to work at Methodist again on or about May 23rd. On or about that same day, Jeff Lawson called and told Sean White that Carolyn "was probably not going to work out," or words to similar effect, because "Chef prefers Hispanics," or words to similar effect, and Lawson asked if White Glove could send someone different. Sean White told Lawson he would see what he could do. However, White Glove sent Carolyn back to Methodist on or about May 24th because she was the only employee they could supply on short notice. Around 8 a.m., the Head Chef told the Second Chef to tell Carolyn they did not need her.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7·11·16<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year)<br>07-11-2016 |

MISSAEL ELI RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
December 05, 2018

COPY

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

| **Texas Workforce Commission, Civil Rights Division** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**Personal Harm (cont):**

Lawson then spoke by phone with White Glove owner Linda White, and told her "Chef is angry," or words to similar effect, because White Glove sent Carolyn back to work at Methodist. When asked if Carolyn had done anything wrong, Lawson could not articulate anything that Carolyn had done wrong. Lawson told Linda White that "Chef prefers Hispanics, they just work out better," or words to similar effect. Lawson said without Chef being on board, Methodist could not go forward with any contracts with White Glove. Linda White asked Lawson, "So you only want Hispanics?" and Lawson replied "Yes, we only want Hispanics." Several hours later Lawson called Linda White and told her that Methodist was not going to enter into any contracts with White Glove and that they had chosen another provider.

**Respondent's Reason for Adverse Action:**

None.

**Discrimination Statement:**

White Glove/I were discriminated against because we employ and staff black employees, in violation of Title VII of the Civil Rights Act of 1964, the Texas Commission on Human Rights Act, and 42 U.S.C. § 1981.



RECEIVED
JUL 12 2016
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
DALLAS DISTRICT

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| 7-11-16 | |
| *Date*    *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| | 07-11-2016 |

COPY

MISSAEL ELI RODRIGUEZ
Notary Public, State of Texas
My Commission Expires
December 05, 2018



## DECLARATION OF LINDA WHITE

1. My name is Linda White.

2. My date of birth is 6/28/1956.

3. My address is 18113 Montoro Way, Edmond, Oklahoma, 73012.

4. I am the owner of White Glove Staffing, a staffing agency.

5. In early 2016, White Glove entered into contractual negotiations with Methodist Hospitals of Dallas/Methodist Health System/ Methodist Dallas Medical Center (Methodist) to provide banquet servers, prep cooks, dishwashers, and set-up crews for Methodist.

6. It was reported to me that, during initial discussions, Jeff Jennings, Methodist's Food & Beverage Director, told White Glove employees Michael and Sean White, and Pedro Gutierrez, that "[the Head] Chef prefers Hispanic employees."

7. Before the parties signed a contract, Methodist asked White Glove to supply a prep cook employee.

8. The only available employee White Glove could supply was Carolyn Clay, who is black.

9. Carolyn worked at Methodist on or about May 20th and 21st.

10. Carolyn was sent back to work at Methodist again on or about May 23rd.

11. It was reported to me that, on or about that same day, Jeff Jennings called and told Sean White that Carolyn "was probably not going to work out," or words to similar effect, because "Chef prefers Hispanics," or words to similar effect, and Jennings asked if White Glove could send someone different.

---

**Declaration of Linda White**                                                    Page 1

12. It was reported to me that Sean White told Jennings he would see what he could do, however, White Glove sent Carolyn back to Methodist on or about May 24th because she was the only employee White Glove could supply on short notice.

13. It was reported to me that around 8 a.m., the Head Chef told the Second Chef to tell Carolyn they did not need her.

14. Jennings then spoke by phone with me and said "Chef is angry," or words to similar effect, because White Glove had sent Carolyn back to work at Methodist.

15. When I asked Jennings if Carolyn had done anything wrong, Jennings could not articulate anything that Carolyn had done wrong.

16. Jennings told me that "Chef prefers Hispanics, they just work out better," or words to similar effect.

17. Jennings told me that, without Chef being on board, Methodist could not go forward with any contracts with White Glove.

18. I asked Jennings, "So you only want Hispanics?" and Jennings replied "Yes, we only want Hispanics."

19. I said, "That's sort of hard to say out loud, isn't it?"

20. Several hours later Jennings called me and said that Methodist was not going to enter into any contracts with White Glove and that they had chosen another provider.

I swear and declare under penalty of perjury that the above and foregoing is true and correct and based on my own personal knowledge.

Signed in Dallas County, Texas, on August 23, 2016.

_____
LINDA WHITE

## DECLARATION OF PEDRO GUTIERREZ

1.    My name is Pedro Gutierrez.

2.    My date of birth is _10/30/1952_.

3.    My address is _3600 AVE J FT WORTH, TX 76105_.

4.    I am the Director of Catering for White Glove Staffing, a staffing agency.

5.    In early 2016, White Glove entered into contractual negotiations with Methodist Hospitals of Dallas/Methodist Health System/ Methodist Dallas Medical Center (Methodist) to provide banquet servers, prep cooks, dishwashers, and set-up crews for Methodist.

6.    During initial discussions, Jeff Jennings, Methodist's Food & Beverage Director, told me that "[the Head] Chef prefers Hispanic employees."

---

**Declaration of Pedro Gutierrez**                                                                 Page 1

I swear and declare under penalty of perjury that the above and for correct and based on my own personal knowledge.

Signed in Dallas County, Texas, on August 27, 2016.

_____
PEDRO GUITERREZ

Declaration of Pedro Gutierrez

## DECLARATION OF MICHAEL WHITE

1. My name is Michael White.

2. My date of birth is 2/20/1989.

3. My address is 3062 Housley Dr. Dallas, TX 75228

4. I am a Vice President of Operations for White Glove Staffing, a staffing agency.

5. In early 2016, White Glove entered into contractual negotiations with Methodist Hospitals of Dallas/Methodist Health System/ Methodist Dallas Medical Center (Methodist) to provide banquet servers, prep cooks, dishwashers, and set-up crews for Methodist.

6. During initial discussions, Jeff Jennings, Methodist's Food & Beverage Director, told me that "[the Head] Chef prefers Hispanic employees."

I swear and declare under penalty of perjury that the above and foregoing is true and correct and based on my own personal knowledge.

Signed in Dallas County, Texas, on August 23 , 2016.

MICHAEL WHITE

## DECLARATION OF SHAWN WHITE

1.  My name is Shawn White.

2.  My date of birth is 7/2/1976.

3.  My address is _____ *Shawn White* _____ .

4.  I am a Vice President of Operations for White Glove Staffing, a staffing agency.

5.  In early 2016, White Glove entered into contractual negotiations with Methodist Hospitals of Dallas/Methodist Health System/ Methodist Dallas Medical Center (Methodist) to provide banquet servers, prep cooks, dishwashers, and set-up crews for Methodist.

6.  During initial discussions, Jeff Jennings, Methodist's Food & Beverage Director, told me that "[the Head] Chef prefers Hispanic employees."

7.  Before the parties signed a contract, Methodist asked White Glove to supply a prep cook employee.

8.  White Glove supplied Carolyn Clay, who is black.

9.  Carolyn worked at Methodist on or about May 20th and 21st.

10. Carolyn was sent back to work at Methodist again on or about May 23rd.

11. On or about that same day, Jeff Jennings called and told me that Carolyn "was probably not going to work out," or words to similar effect, because "Chef prefers Hispanics," or words to similar effect, and Jennings asked if White Glove could send someone different.

I swear and declare under penalty of perjury that the above and foregoing is true and correct and based on my own personal knowledge.

Signed in Dallas County, Texas, on August _23_, 2016.

SHAWN WHITE

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RECEIVED

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

JUN 1 2 2017

Per _____ *pe*

| To: | Linda White<br>1001 Business Parkway<br>(Owner Of White Glove Staffing)<br>Richardson, TX 75081 | From: | El Paso Area Office<br>300 E. Main Drive, Suite 500<br>El Paso, TX 79901 |
|---|---|---|---|

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **450-2016-04297** | **Jessie E. Moreno,**<br>**Investigator** | **(915) 534-4528** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| **X** | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| **X** | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Lucy V. Orta,**
**Area Office Director**

JUN 0 7 2017

*(Date Mailed)*

Enclosures(s)

cc: | **Steve Tedder**<br>**VP/Assistant General Counsel**<br>**METHODIST HEALTH SYSTEM**<br>**1441 N Beckley Ave**<br>**Dallas, TX 75203** | **Mathew Scott**<br>**SCOTT PEREZ EMPLOYMENT LAWYERS**<br>**900 Jackson St Suite 550**<br>**Dallas, TX 75202** |