IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC. AND CAROLYN CLAY, Individually, And on Behalf of a Class of Similarly Situated Individuals<br><br>Plaintiff,<br><br>v.<br><br>METHODIST HOSPITALS OF DALLAS, AND DALLAS METHODIST HOSPITALS FOUNDATION<br><br>Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively, "Defendants"), and file this their Rule 12(b)(6) Motion to Dismiss Claims in Plaintiffs' First Amended Class Action Complaint and for same would respectfully show the Court as follows:

### I.
### RELIEF REQUESTED

On May 25, 2017, Defendants filed their Rule 12(b)(6) Motion to Dismiss and Brief in Support (the "Original Motion to Dismiss") regarding claims asserted in Plaintiffs' Original Class Action Complaint. On June 15, 2017, Plaintiffs filed their First Amended Class Action Complaint (the "Amended Complaint"), rendering Defendants' Original Motion to Dismiss moot. Defendants accordingly file this this their Rule 12(b)(6) Motion to Dismiss Claims in Plaintiffs' First Amended Class Action Complaint to address the live pleading in this matter.

Defendants seek dismissal of the following claims asserted by Plaintiff White Glove Staffing, Inc. ("White Glove") in Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because White Glove has failed to state claims upon which relief can be granted:

a) White Glove's discrimination claim pursuant to Title VII because White Glove is not an individual who can be discriminated against with respect to compensation, terms, conditions, or privileges of employment and because White Glove did not have or seek an employment relationship with Defendants;

b) White Glove's retaliation claim pursuant to Title VII because White Glove did not have or seek an employment relationship with Defendants and because White Glove did not suffer an adverse employment action by Defendants;

c) White Glove's discrimination claim pursuant to the Texas Commission on Human Rights Act ("TCHRA") because White Glove is not an individual that had or sought an employment relationship with Defendants;

d) White Glove's retaliation claim pursuant to the TCHRA because White Glove did not have or seek an employment relationship with Defendants and because White Glove did not suffer an adverse employment action by Defendants; and

e) White Glove's claim pursuant to 42 U.S.C. § 1981 because White Glove is not a member of a racial minority and, therefore, cannot asserted a claim of direct discrimination.

## II.
## ARGUMENTS AND AUTHORITY

A.   **White Glove's Title VII Discrimination Claim – No Standing.**

White Glove lacks standing to assert a claim pursuant to Title VII because it is not an individual who can be discriminated against with respect to compensation, terms, conditions, or privileges of employment and because it did not have or seek an employment relationship with

Defendants. "To have standing as a person aggrieved under Title VII the plaintiff must show that (1) he has actually suffered an injury and (2) that the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute ... in question." *Patton v. United Parcel Service, Inc.*, 910 F. Supp. 1250, 1278 (S.D. Tex. 1995) (quoting *Feng v. Sandrik*, 636 F.Supp. 77, 82 (N.D. Ill. 1986)). Title VII prohibits an employer from failing or refusing to hire or to discharge *any individual* or otherwise discriminating against *any individual* with respect to his compensation, terms, conditions, or privileges of employment because of *such individual's* race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a). By its own admission, White Glove is a corporation that provides staffing agency services. *See* Amended Complaint at 1, ¶ 1; 3 ¶ 9. It is not an individual with a race, color, religion, sex, or national origin. *Id.* Therefore, White Glove cannot seek the protections afforded under Title VII, and its Title VII claims should be dismissed.

Further, a Title VII claim must necessarily involve an employment relationship with an individual. *See Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988). Independent contractors are not afforded protection under Title VII. *See Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). The Fifth Circuit has applied the hybrid economic realities/common law control test to determine whether an individual is an "employee" for Title VII purposes. *See, e.g., Diggs*, 847 F.2d at 272. "The economic realities/common law control test considers the economic realities of the work relationship, and the extent to which the one for whom the work is being done has the right to control the details and the means by which the work is to be performed, with emphasis on the latter control factor." *See id.* Additionally, courts are to consider the following factors in determining whether an employee-employer relationship exists for Title VII purposes:

> (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision;

(2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer;" (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Id.* at 272-273.

Here, White Glove was not an employee of and did not seek employment with Defendants. To the contrary, White Glove alleges that it "entered into contractual negotiations with Defendants to provide banquet servers, prep cooks, dishwashers, and set-up crews for Defendants" and complains that Defendants ultimately refused to enter into any such contracts with White Glove. *See* Amended Complaint at 3 ¶ 10; 4 ¶ 28. White Glove does not assert the existence of any employment relationship between itself and Defendants but, rather, complains that Defendants declined to contract with White Glove for White Glove's staffing services as an independent contractor. *See id.* at 3-5 ¶¶ 9-33. Accordingly, White Glove has failed to state a claim upon which relief can be granted, and Defendants respectfully request White Glove's Title VII discrimination claim be dismissed.

**B.    White Glove's Title VII Retaliation Claim – No Standing.**

White Glove lacks standing to assert a retaliation claim pursuant to Title VII because it did not have or seek an employment relationship with Defendants and it did not suffer an adverse employment action by Defendants. A claim of retaliation under Title VII requires a plaintiff establish "(1) he engaged in an activity protected by Title VII; (2) he was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action." *See Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004). A Title VII retaliation claim must necessarily involve an employment relationship with an individual. *See Diggs*, 847 F.2d at 272; *Travis v. City of Grand Prairie, Texas*, 654 Fed. Appx.

161, 166 (5th Cir. 2016) (plaintiff's "allegations of retaliation do not arise out of an employment relationship and thus are not cognizable under Title VII."); *Schirle v. Sokudo USA, LLC*, 484 Fed. Appx. 893, 899 (5th Cir. 2012) (finding the plaintiff could not assert a Title VII retaliation claim against and entity that was not his employer). Moreover, to demonstrate the occurrence of an adverse employment action, a plaintiff must show that he suffered an "ultimate employment decision." *See id.; see also Dollis v. Rubin*, 77 F.3d 777, 781–82 (5th Cir. 1995). Ultimate employment decisions include actions affecting job duties, compensation, or benefits, such as hiring, granting leave, discharging, promoting, and compensating. *See Davis*, 383 F.3d at 319; *see also Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003).

As set forth in Section II(A) above, White Glove's Title VII claim does not arise out of any alleged employment relationship with Defendants or adverse employment action by Defendants. Instead, White Glove's complaint is that Defendants declined to retain White Glove's staffing services as an independent contractor. *See* Amended Complaint at 3-5 ¶¶ 9-33. Accordingly, White Glove has failed to state a claim upon which relief can be granted, and Defendants respectfully request White Glove's Title VII retaliation claim be dismissed.

C. **White Glove's TCHRA Discrimination Claim – No Standing.**

White Glove lacks standing to assert a discrimination claim pursuant to TCHRA because it is not an individual that had or sought an employment relationship with Defendants. Like Title VII, the TCHRA prohibits an employer for failing or refusing to hire *an individual*, discharging *an individual*, or discriminating in any other manner against *an individual* in connection with compensation or the terms, conditions, or privileges of employment because of *the individual's* race, color, disability, religion, sex, national origin, or age. *See* TEX. LABOR CODE ANN. § 21.051. An individual lacks standing to state a viable cause of action under the TCHRA if the individual is not in an employment relationship with or an applicant for employment with the

defendant. *See Patton*, 910 F.Supp. 1278; *Capozzelli v. Allstate Ins. Co.*, Civ. A. 2:13-cv-00260-JRG, 2014 WL 786426 (E.D. Tex., Feb. 24, 2014).

As set forth in Section II(A) above, White Glove is not an individual, did not have an employment relationship with Defendants, and did not seek an employment relationship with Defendants. Accordingly, White Glove has failed to state a claim upon which relief can be granted, and Defendants respectfully request White Glove's TCHRA discrimination claim be dismissed.

D. **White Glove's TCHRA Retaliation Claim – No Standing.**

White Glove lacks standing to assert a retaliation claim pursuant to TCHRA because it did not have or seek an employment relationship with Defendants and it did not suffer an adverse employment action by Defendants. To set forth a claim for retaliation under the TCHRA, "the plaintiff must show that (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) there was a causal connection between participation in the protected activity and the adverse employment decisions." *See Thomas v. Clayton Williams Energy, Inc.*, 2 S.W.3d 734, 739 (Tex. App.—Houston [14th Dist.] 1999). Analogous federal cases guide Texas courts in interpreting retaliation claims under the TCHRA because the purpose of the TCHRA is to provide for the execution of the policies of Title VII. *See Williamson v. American Nat. Ins. Co.*, 695 F. Supp. 2d 431, 452 (S.D. Tex. 2010); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

As set forth in Section II(A) above, White Glove has not alleged it was an employee of Defendants, sought employment with Defendants, or suffered an adverse employment action by Defendants. Accordingly, White Glove has failed to state a claim upon which relief can be granted, and Defendants respectfully request White Glove's TCHRA retaliation claim be dismissed.

E.   **White Gloves' Section 1981 Discrimination Claim – No Standing.**

White Glove lacks standing to assert a discrimination claim pursuant to 42 U.S.C. § 1981 because White Glove is not a member of a racial minority. To set forth a claim of discrimination under Section 1981, a plaintiff must establish "(1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 357 (5th Cir. 2003); *Morris v. Dillards Dept. Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001).

As set forth in Section II(A) above, White Glove is a corporation. White Glove does not have a racial identity and, therefore, cannot be the target of the alleged discrimination. Accordingly, White Glove cannot state a claim for discrimination under Section 1981 upon which relief, and Defendants respectfully request White Glove's Section 1981 claim be dismissed.

### III.

### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants pray that the Court grant their Second Rule 12(b)(6) Motion to Dismiss; dismiss Plaintiff White Glove Staffing Title VII, the Texas Commission on Human Rights Act, and 42 U.S.C. § 1981 claims; and for such other and further relief to which Defendants may be justly entitled.

                Respectfully submitted,

                BURFORD & RYBURN, L.L.P.

By: /s/ Simon D. Whiting
      SIMON D. WHITING
      Texas State Bar No.: 21373600
      NICOLE L. TONG
      Texas State Bar No.: 21466202

      500 North Akard Street, Suite 3100
      Dallas, Texas 75201-6697
      Telephone: 214-740-3119
      Facsimile: 214-740-2832
      Email: swhiting@brlaw.com

      **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

DATED: June 29, 2017.

                /s/ Simon D. Whiting
                SIMON D. WHITING