IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC. AND CAROLYN CLAY, Individually, And on Behalf of a Class of Similarly Situated Individuals<br><br>    Plaintiff,<br><br>v.<br><br>METHODIST HOSPITALS OF DALLAS, AND DALLAS METHODIST HOSPITALS FOUNDATION<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT SUBJECT TO DEFENDANTS' 12(B)(6) MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively, "Defendants"), and file this their Original Answer To Plaintiffs' First Amended Class Action Complaint Subject To Defendants' 12(b)(6) Motions to Dismiss Claims in Plaintiffs' First Amended Class Action Complaint and for same would respectfully show the Court as follows:

## I.
## INTRODUCTION

No response necessary. Defendants deny Plaintiffs have plead sufficient facts for certifying a class or maintaining a class action under Federal Rule of Civil Procedure 23.

## II.
## PARTIES

1.    Admitted.

2.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

3.    Admitted.

4.    Admitted.  However, Defendants deny Defendant Dallas Methodist Hospitals Foundation is a proper party to this action.

## III.
## JURISDICTION

5.    Admitted.

6.    Admitted.

## IV.
## VENUE

7.    Admitted.

8.    Admitted.

## V.
## BACKGROUND FACTS

9.    Admitted.

10.    Admitted that Methodist Hospitals of Dallas entered discussions with Plaintiff White Glove Staffing, Inc. ("White Glove") about potentially contracting for supplemental staffing, otherwise denied.

11.    Denied.

12.    Admitted that Methodist Hospitals of Dallas and White Glove never entered into a contract and that Methodist Hospitals of Dallas requested a supplemental staffing employee from White Glove, otherwise denied.

13.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

14.    Admitted.

15.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

16.    Admitted that Methodist Hospitals of Dallas told White Glove that Plaintiff Carolyn Clay ("Clay") was not meeting Methodist Hospitals of Dallas' work standards, otherwise denied.

17.    Admitted.

18.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

19.    Admitted that White Glove sent Clay back to Methodist Hospitals of Dallas after Methodist Hospitals of Dallas told White Glove that Clay was not meeting Methodist Hospitals of Dallas' work standards, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

20.    Denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.

28.    Admitted that Methodist Hospitals of Dallas declined to enter into a contract with White Glove, otherwise denied.

29.    Defendants deny that they engaged in unlawful race and color discrimination, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

30.    Defendants deny that they had "already started using White Glove to supply employees," as White Glove only supplied one employee—Clay.  Otherwise, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

31.    Denied.

32.    Defendants deny they engaged in unlawful race and color discrimination. Otherwise, no response is necessary.

33.    Defendants deny they have a "stated pattern and practice of unilaterally refusing to employ African Americans because Defendants' head chef prefers otherwise."  Otherwise, no response is necessary.

# VI.
## CAUSES OF ACTION

A.    **First Cause of Action – 42 U.S.C. § 1981**

34.    No response necessary.  Defendants likewise incorporate their answers to Paragraphs 1 through 33 as if stated fully herein.

35.    Denied.

36.    Denied.

37.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

38.    Denied.

---

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT SUBJECT TO DEFENDANTS' 12(B)(6) MOTION TO DISMISS – Page 4
1370717.1 217-1411

**B.      Second Cause of Action – 42 U.S.C. § 1981 Retaliation**

39.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 38 as if stated fully herein.

40.      Denied.

41.      Defendants deny their actions were retaliatory in violation of 42 U.S.C. § 1981, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

42.      Denied.

**C.      Third Cause of Action – Race/Color Discrimination – Title VII**

43.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 42 as if stated fully herein.

44.      Denied.

45.      Denied.

**D.      Fourth Cause of Action – Unlawful Retaliation – Title VII**

46.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 45 as if stated fully herein.

47.      Denied.

48.      Defendants deny their actions were retaliatory in violation of Title VII, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

49.      Denied.

**E.      Fifth Cause of Action – Race/Color Discrimination – TCHRA**

50.      No response necessary.    Defendants likewise incorporate their answers to Paragraphs 1 through 49 as if stated fully herein.

51.   Denied.

52.   Denied.

**F.   Sixth Cause of Action – Unlawful Retaliation – TCHRA**

53.   No response necessary.   Defendants likewise incorporate their answers to Paragraphs 1 through 52 as if stated fully herein.

54.   Denied.

55.   Defendants deny their actions were retaliatory in violation of the Texas Commission on Human Rights Act, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

56.   Denied.

## VII.
## CLASS ALLEGATIONS

57.   No response necessary.   Defendants likewise incorporate their answers to Paragraphs 1 through 56 as if stated fully herein.

58.   No response necessary.

59.   Denied.

**A.   Numerosity (Rule 23(a)(1))**

60.   Denied.

61.   No response necessary.

62.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

**B.   Commonality (Rule 23(a)(2))**

63.   Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

64.    Denied.

## C.    Typicality (Rule 23(a)(3))

65.    Denied.

66.    Denied.

## D.    Adequacy (Rule 23(a)(4))

67.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

68.    Defendants deny that both Plaintiffs are members of the Plaintiff Class, otherwise Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

## E.    Inconsistent or Varying Results (Rule 23(b)(1)(A))

69.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

## F.    Individual Adjudication (Rule 23(b)(1)(B))

70.    Denied.

## G.    Defendants Have Acted Consistent Toward Plaintiffs and the Plaintiff Class (Rule 23(b)(2))

71.    Denied.

## H.    Common Questions of Law and Fact Apply to all Members of the Plaintiff Class (Rule 23(b)(3))

72.    Denied.

73.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

74.    Defendants admit this lawsuit is the only action currently on file in which Plaintiffs have asserted claims against Defendants, otherwise denied.

75. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

76. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

I. **Adequacy of Counsel**

77. No response necessary.

78. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

79. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

80. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

## VIII.
## DAMAGES

81. No response necessary. Defendants likewise incorporate their answers to Paragraphs 1 through 80 as if stated fully herein.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. No response necessary.

89. Denied.

90.     Denied.

91.     No response necessary.

92.     Denied.

## IX.
## ATTORNEY'S FEES AND COSTS

93.     No response necessary.   Defendants likewise incorporate their answers to Paragraphs 1 through 92 as if stated fully herein.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation.

95.     Denied.

## X.
## INJUNCTIVE AND DECLARATORY RELIEF

96.     No response necessary.   Defendants likewise incorporate their answers to Paragraphs 1 through 95 as if stated fully herein.

97.     Defendants deny that Plaintiffs or the Plaintiff Class are entitled to an order providing any injunctive or declaratory relief, including any of the relief set forth in sub-sections (a) through (g) of Paragraph 97.

## XI.
## JURY DEMAND

98.     No response necessary.

## XII.
## PRAYER

99.     Defendants deny that Plaintiffs or the Plaintiff Class are entitled to judgment against Defendants or an award of any of the relief prayed for in sub-sections (A) through (H) of Paragraph 99.

## XIII.
## ATTACHMENTS TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs have attached several documents to their First Amended Class Action Complaint (the "Attached Documents"), which are not referenced or incorporated in Plaintiffs' First Amended Class Action Complaint. The Attached Documents do not constitute allegations in a pleading and no response is required. In the alternative, Defendants deny or lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in the Attached Documents.

## XIV.
## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. Defendant Dallas Methodist Hospitals Foundation specifically denies it is a proper party to this action and denies any involvement in the matters alleged in this lawsuit.

### SECOND DEFENSE

2. In the alternative, and by way of affirmative defense, Defendants' actions with respect to Plaintiffs were legitimate and non-discriminatory.

### THIRD DEFENSE

3. In the alternative, and by way of affirmative defense, if Plaintiffs sustained any damages, then such damages should be reduced by the amount that Plaintiffs could reasonably have mitigated such damages by proper action and by the amount Plaintiffs have actually mitigated such alleged damages, if any.

### FOURTH DEFENSE

4. In the alternative, and by way of affirmative defense, the Plaintiffs failed to mitigate their damages and did not use reasonable diligence to obtain comparable employment and/or contracts, and are barred from collecting back pay and benefits and other relief.

## FIFTH DEFENSE

5.      In the alternative, and by way of affirmative defense, to the extent that Defendants are found responsible or liable for any of the damages allegedly sustained by Plaintiffs, if at all, that such damages should be offset and Defendants credited for any benefit received by Plaintiffs and/or monies paid to Plaintiffs, which originated from or were provided by Defendants. This offset also applies to any interim earnings/wages/income, unemployment, and unemployment compensation benefits that Plaintiffs may have received.

## SIXTH DEFENSE

6.      Defendants plead affirmatively that, to the extent they are found responsible or liable for any of the damages allegedly sustained by Plaintiffs, such damages should be reduced in accordance with the after acquired evidence rule as set forth in *McKennon v. Nashville Banner Pub Co.*, 513 U.S. 325 (1995).

## SEVENTH DEFENSE

7.      Defendants pleads affirmatively that Plaintiffs are not entitled to punitive damages in accordance with *Kolstad v. American Dental Association*, 527 U.S. 526 (1999) because Defendants have made "good faith" efforts to comply with Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §1991, and Chapter 21 of the TEXAS LABOR CODE.

## EIGHTH DEFENSE

8.      Defendants plead affirmatively that Plaintiffs are not entitled to recover pre-judgment interest in this case. In the alternative, if pre-judgment interest is recoverable, it is limited in keeping with §304 of the TEXAS FINANCE CODE.

## XV.
## CONCLUSION AND PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants deny Plaintiffs are entitled to any relief under their pleadings and deny Plaintiffs have their burden of proof for certifying a class or maintaining a class action under Federal Rule of Civil Procedure 23; and Defendants further pray Plaintiffs take nothing by their suit herein, that the Court finds Plaintiffs have brought a groundless action, and that Defendants recover their costs, attorney's fees, and such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:    /s/ Simon D. Whiting
       SIMON D. WHITING
       Texas State Bar No.: 21373600
       NICOLE L. TONG
       Texas State Bar No.: 21466202

       500 North Akard Street, Suite 3100
       Dallas, Texas 75201-6697
       Telephone:  214-740-3119
       Facsimile:  214-740-2832
       Email:  swhiting@brlaw.com
       Email: ntong@brlaw.com

       ATTORNEYS FOR DEFENDANTS

---

DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT SUBJECT TO DEFENDANTS' 12(B)(6) MOTION TO DISMISS – Page 12
1370717.1 217-1411

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

DATED: June 29, 2017.

/s/ Simon D. Whiting
SIMON D. WHITING