## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC. AND CAROLYN CLAY, Individually, And on Behalf of a Class of Similarly Situated Individuals<br><br>Plaintiff,<br><br>v.<br><br>METHODIST HOSPITALS OF DALLAS, AND DALLAS METHODIST HOSPITALS FOUNDATION<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively, "Defendants"), and file this their Reply in Support of Rule 12(b)(6) Motion to Dismiss Claims in Plaintiffs' First Amended Class Action Complaint and would respectfully show the Court as follows:

### I.
### RELIEF REQUESTED

On June 30, 2017, Plaintiffs and the Plaintiffs' Class Response to Defendants' Second Motion to Dismiss (the "Response") was filed. Plaintiff White Glove Staffing, Inc. ("White Glove") has nevertheless failed to set forth claims upon which it can be granted relief. Namely:

a)  It is undisputed that White Glove did not have or seek an employment relationship with Defendants. Therefore White Glove cannot set forth a discrimination claim pursuant to Title VII or the Texas Commission on Human Rights Act ("TCHRA");

b)  It is undisputed that White Glove did not have or seek an employment relationship with Defendants and did not suffer an adverse employment action by Defendants. Therefore White Glove cannot set forth a retaliation claim pursuant to Title VII or the TCHRA; and

c)  White Glove has failed to allege a direct discrimination injury and thus cannot set forth a claim pursuant to 42 U.S.C. § 1981.

## II.
## ARGUMENTS AND AUTHORITY

**A.    White Glove's Title VII and TCHRA Discrimination Claims – No Employment Relationship.**

A Title VII claim must necessarily involve an employment relationship with an individual. *Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988). Independent contractors are not afforded protection under Title VII. *See Broussard v. L.H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986). Title VII and analogous federal cases guide interpretation of TCHRA claims. *See, e.g.*, TEX. LABOR CODE § 21.001(1); *City of Houston v. Proler*, 437 S.W.3d 529, 532, 532 n.7 (Tex. 2014); *Quantum Chemical Corp v. Toennies*, 47 S.W.3d 473, 474 (Tex. 2001). Thus, a TCHRA claim must also necessarily involve an employment relationship with an individual. *See University of Texas at El Paso v. Ochoa*, 410 S.W.3d 327, 331 (Tex. App.—El Paso 2013, pet. denied); *Patton v. United Parcel Service, Inc.*, 910 F.Supp. 1250, 1278 (S.D. Tex. 1995).

Here, it is undisputed that White Glove never sought or obtained an employment relationship with Defendants.[1]  *See* Plaintiffs' First Amended Class Action Complaint ("Plaintiffs' Amended Complaint") at 3 ¶¶ 9-33.  The gravamen of White Glove's complaint is that Defendants declined to retain White Glove as an independent contractor for staffing services.  *Id.*  Accordingly, White Glove has failed to set forth a Title VII or TCHRA discrimination claim upon which it can be granted relief, and Defendants respectfully request such claims be dismissed.[2]

**B.    White Glove's Title VII and TCHRA Retaliation Claims – No Employment Relationship or Adverse Employment Action.**

A Title VII retaliation claim requires an employment relationship with an individual.  *See Diggs*, 847 F.2d at 272; *Travis v. City of Grand Prairie, Texas*, 654 Fed. Appx. 161, 166 (5th Cir. 2016); *Schirle v. Sokudo USA, LLC*, 484 Fed. Appx. 893, 899 (5th Cir. 2012).  It further requires a plaintiff to have suffered an adverse employment action, meaning an ultimate employment decision affecting job duties, compensation, or benefits, such as hiring, granting leave, discharging, promoting, and compensating.  *See Davis v. Dallas Area Rapid Transit*, 383 F.3d

---

[1] White Glove refers to the *EEOC v. PMB Graphics Inc.* opinion in its Response in an attempt to establish its standing.  *See* Response at 7-9.  Yet, the issue in that case was whether the EEOC had alleged sufficient facts to establish its standing under the statutory provisions of Title VII that grant the EEOC authority to pursue employment discrimination claims.  *See* 877 F.Supp.2d 334, 341-42 (M.D.N.C. 2012).  This case is readily distinguishable.  White Glove does assert that it is granted the same standing as the EEOC under Title VII.  Further, the issue here is not whether White Glove has alleged sufficient facts; rather, the <u>undisputed</u> facts establish that White Glove never sought or obtained an employment relationship with Defendants.  Thus, White Glove cannot assert a Title VII or TCHRA claim.

[2] Although White Glove's status as a potential independent contractor alone is sufficient to establish its lack of standing, White Glove further lacks standing to assert a Title VII or the TCHRA discrimination claim because it is not an individual that Title VII or the TCHRA protects from discrimination.  *See* 42 U.S.C. § 2000e-2(a); *Cook v. Billington*, 541 F. Supp. 2d 358, 363 (D.C. Cir. 2008) (relied upon by Plaintiff and confirming that Title VII "does not protect organizations from discrimination.").  White Glove is unable to cite any Fifth Circuit authority to the contrary.  Rather, it cites only one case in which a private organization was held to have Title VII standing, and that was because the central purpose of the plaintiff organization was to promote "equal opportunity independent of merely seeking more enforcement of the civil rights laws" and the alleged discrimination "perceptibly impaired" that purpose.  *See Fair Employment Council of Greater Washington, Inc. v. BMC Mkting Corp.*, 28 F.3d 1268, 409-410 (D.C. Cir. 1994).  That authority is readily distinguishable given that White Glove's central purpose is to provide staffing services.  *See* Amended Complaint at 3 ¶ 9.  White Glove, accordingly, cannot assert a claim under Title VII or the TCHRA.

---

DEFENDANTS' REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – Page 3
1371209.1 217-1411

309, 319 (5th Cir. 2004); *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003); *Dollis v. Rubin*, 77 F.3d 777, 781–82 (5th Cir. 1995). As TCHRA claims are guided by Title VII and analogous federal case law, a claim for retaliation under the TCHRA also requires an employment relationship between the parties and an adverse employment action. *See Ancira Enterprises, Inc. v. Fisher*, 178 S.W.3d 82, 88 (Tex. App.—Austin 2005, no pet.); *Ochoa*, 410 S.W.3d at 331; *University of Texas at El Paso v. Esparza*, 510 S.W.3d 147, 160 (Tex. App.—El Paso 2016, no pet.); *Anderson v. Houston Community College Sys.*, 458 S.W.3d 633, 644 (Tex. App.—Houston [1[st] Dist.] 2015, no pet.).

It is undisputed that White Glove never sought or obtained an employment relationship with Defendants. *See supra*, Section II(A). In the absence of a potential or actual employment relationship, White Glove could not have suffered an adverse employment action by Defendants. Indeed, White Glove has not alleged it suffered an adverse employment action. *See generally*, Plaintiffs' Amended Complaint. Accordingly, White Glove has failed to set forth a Title VII or TCHRA retaliation claim upon which it can be granted relief, and Defendants respectfully request these claims be dismissed.[3]

## C.    White Glove's Section 1981 Discrimination Claim – No Standing.

White Glove lacks standing to assert a claim pursuant to 42 U.S.C. § 1981 because it has not alleged a direct discrimination injury. In *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, the United States Supreme Court stated that corporations have "no racial identity and cannot be the direct target of … alleged discrimination. In the ordinary case, a party is denied standing to assert the rights of third parties." 429 U.S. 252, 263 (1977). Although not addressed by the Fifth Circuit, some circuits have found that, under certain

---

[3] Although the lack of an employment relationship or adverse employment action alone are sufficient to establish White Glove's lack of standing, White Glove further lacks standing to assert a Title VII or TCHRA retaliation claim because it is not an individual that Title VII or the TCHRA protects from discrimination. *See supra* n. 2.

DEFENDANTS' REPLY IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS CLAIMS IN PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT – Page 4
1371209.1 217-1411

circumstances, a corporation may acquire "an imputed racial identity sufficient to take it out of the general observation about corporations made by Justice Powell in *Arlington Heights*." *Thinket Inc. Info. Resources, Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053 at 1059 (9th Cir. 2004). Namely, in *Thinket*, the Ninth Circuit explained:

> To receive government benefits, Thinket was required to be certified as a corporation with a racial identity; further, it alleges that it suffered discrimination because all of its shareholders were African-American.  This is quite different from the situation posed in *Arlington Heights* where the corporate plaintiff had no racial identity.... When a corporation has acquired a racial identity, either as a matter of law or by imputation, then it can be the direct target of discrimination and has standing to pursue a claim under § 1981.  Thus, under those circumstances, a departure from the *Arlington Heights* prudential limitation is warranted.

*Id.*

White Glove has failed to set forth any allegation to justify a departure from the prudential limitation set forth by the United States Supreme Court in *Arlington Heights* in this matter.  White Glove has not asserted it acquired a racial identity and, therefore, it cannot be the direct target of discrimination.  Rather, its Section 1981 claim is based upon the racial identity of a single employee—Plaintiff Carolyn Clay.[4]  Plaintiffs have not alleged that Clay is a shareholder of White Glove or that her racial identity should otherwise be imputed to White Glove.[5]  Accordingly, White Glove has failed to set forth a claim of discrimination under Section

---

[4] In *Hudson Valley Freedom Theater v. Heimbach*, 671 F.2d 702, 706 (2nd Cir. 1982), the Second Circuit reasoned that a corporation could be imputed with the racial identity of its stockholders because a corporation's stockholders cannot assert such a claim on behalf of the corporation.  It explained: "We find it hard to believe that the Supreme Court would deny standing to the corporation because it 'has no racial identity and cannot be the direct target' of the discrimination, while at the same time it would be obligated to deny standing to the stockholders on the sound ground that the injury was suffered by the corporation and not them." *Id.* That justification is not present here, as the alleged target of the discrimination, Plaintiff Carolyn Clay, has asserted an independent claim under Section 1981. Thus, any alleged injury that may be asserted under Section 1981 will be addressed by Clay's claim.

[5] White Glove attempts to rely upon a section of the *Thicket* decision in which the Ninth Circuit, in dicta, quotes a D.C. Circuit opinion (vacated on other grounds) for the proposition that "we might better approach the problem by assuming that, if a corporation can suffer harm from discrimination, it has standing to litigate that harm." *Thicket*, 1060. The Ninth Circuit's departure from the *Arlington Heights* decision was unequivocally based on circumstances in which a corporation acquired a racial identity and alleged it was directly discriminated against based upon its racial identity. 368 F.3d at 1059.  White Glove has failed to set forth any allegations to justify a similar departure

1981 upon which it can be granted relief, and Defendants respectfully request White Glove's Section 1981 claim be dismissed.

## III.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants pray that the Court grant their Rule 12(b)(6) Motion to Dismiss Claims in Plaintiffs' First Amended Class Action Complaint, dismiss Plaintiff White Glove Staffing's Title VII and the Texas Commission on Human Rights Act discrimination and retaliation claims and Plaintiff White Glove Staffing's 42 U.S.C. § 1981 discrimination claim, and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By:  /s/ Simon D. Whiting
     SIMON D. WHITING
     Texas State Bar No.: 21373600
     NICOLE L. TONG
     Texas State Bar No.: 21466202

     500 North Akard Street, Suite 3100
     Dallas, Texas 75201-6697
     Telephone: 214-740-3119
     Facsimile: 214-740-2832
     Email: swhiting@brlaw.com
     Email: ntong@brlaw.com

     **ATTORNEYS FOR DEFENDANTS**

---

from the precedent established by *Arlington Heights* in this matter. Thus, it lacks standing to assert a Section 1981 discrimination claim.

---

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

DATED: July 14, 2017.

/s/ Simon D. Whiting
SIMON D. WHITING