IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC. AND CAROLYN CLAY, Individually, And on Behalf of a Class of Similarly Situated Individuals<br><br>Plaintiff,<br><br>v.<br><br>METHODIST HOSPITALS OF DALLAS, AND DALLAS METHODIST HOSPITALS FOUNDATION<br><br>Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND NOTICE TO POTENTIAL PLAINTIFFS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively, "Defendants"), and file this their Response in opposition to Plaintiffs' Motion for Class Certification and Notice to Potential Plaintiffs ("Plaintiffs' Motion") and would respectfully show the Court as follows:

### I.
### RELIEF REQUESTED

On May 2, 2017, Plaintiffs filed their Original Class Action Complaint. On February 5, 2018, Plaintiffs filed their Motion for Class Certification and Notice to Potential Plaintiffs (the "Motion"). Plaintiffs' Motion should be denied for the following reasons:

a) Plaintiffs' Motion is untimely;

b) Plaintiffs have failed to set forth a definable and clearly ascertainable class;

c) There are not questions of law or fact common to the class as required by Federal Rule of Civil Procedure 23(a)(2) or claims or defenses that are typical of the class as required by Federal Rule of Civil Procedure 23(a)(3) because the proposed class lacks any viable cause of action;

d) Plaintiffs cannot fairly and adequately protect the interests of the class as required by Federal Rule of Civil Procedure 23(a)(4) because they are not members of the class and have not suffered the same alleged injury as the class; and

e) There are not common questions or law or fact that predominate over individual issues as required by Federal Rule of Civil Procedure 23(b)(3) because the proposed class does not have a viable cause of action.

## II.
## ARGUMENTS AND AUTHORITY

Plaintiffs bear the burden of establishing: (1) there is a definable class; (2) the requirements of Federal Rule of Civil Procedure 23(a) are met; and (2) the class falls within one of the three categories of Federal Rule of Civil Procedure 23(b). *Wal-Mart Stores v. Nationwide Mut. Ins.*, 564 U.S. 338, 345, 348-49 (2011); *Seelingson v. Devon Energy Prod. Co., L.P.*, Civ. A. No. 3:16-CV-00082-K, 2017 WL 68013, at *4 (N.D. Tex., Jan. 6, 2017). A class may only be certified if the Court determines after a "rigorous analysis" that these prerequisites have been met. *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Such analysis will often "entail some overlap with the merits of plaintiff's underlying claim," and the Court "can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009). As set forth below, Plaintiffs cannot meet their burden to establish certification is proper, and their Motion should be denied.

A.  **Plaintiffs' Motion is Untimely.**

U.S. Northern District of Texas Local Civil Rule 23.2 requires a plaintiff to move for certification "[w]ithin 90 days of filing a class action complaint, or at such other time as the presiding judge by order directs." The Amended Scheduling Order entered by the Court on November 29, 2017 states "[a]ll motions requesting leave to join parties ... shall be filed by November 13, 2017." It does not otherwise set forth a deadline modifying the 90 day deadline set forth by Local Civil Rule 23.2.

Plaintiffs filed their Original Class Action Complaint on May 2, 2017. Over nine months later, on February 5, 2018, Plaintiffs filed their Motion seeking class certification. Plaintiffs Motion is untimely, as it was filed well beyond the 90 day filing deadline set forth by Local Civil Rule 23.2 and the November 29, 2017 deadline set by the Court to move for leave to join parties. Accordingly, Plaintiffs' Motion should be denied.

B.  **No Definable Class.**

"[I]n order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *Frey v. First Nat'l Bank Sw.*, 602 Fed. Appx. 164, 168 (5th Cir. 2015) (quoting *Union Asset Mgmt Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 639 (5th Cir. 2012)). "A proposed class's definability and ascertainably are consequently implied prerequisites to Rule 23's requirements for class certification." *Seelingson*, 2017 WL 68013, at *3.

Plaintiffs have failed to establish an adequately defined and clearly ascertainable class. The only attempt to define the proposed class appears to be in the Introduction of the Motion, where Plaintiffs reference "all employees of White Glove staffing who would have been supplied to Defendants Methodist Hospitals of Dallas ... and Dallas Methodist Hospitals Foundation ... to be banquet servers, prep cooks, dishwashers, and set-up crews." *See* Motion at 1. In discussing

numerosity under Rule 23(a), Plaintiffs further make reference to forty to seventy-five individuals that Plaintiffs can purportedly identify through White Glove's personnel records. *See id.* at 7.

These significant deficiencies are no doubt because the proposed class cannot be adequately defined or clearly ascertained. Specifically, the proposed class is based upon multiple highly speculative assumptions that, but for Defendants' alleged discriminatory practice, (1) Defendants would have contracted with White Glove for temporary staffing services, (2) Defendants would have requested White Glove provide banquet servers, prep cooks, dishwashers, and set-up crews, despite the fact the proposed contract lacks any such requirement, (3) White Glove would have sent each of the proposed class members in response to Defendants' request(s), and (4) the proposed class members would have been qualified, available, and agreeable to working at Defendants' facilities. This proposed class is too vague and speculative. Even if the Court were to conduct extensive and individualized fact-finding, it would be unable to determine whether each individual is a member due to the highly speculative basis for the proposed class. Accordingly, because the proposed class is not capable of being adequately defined or clearly ascertained, Plaintiffs' Motion should be denied.

C. **Commonality or Typicality Requirements Not Met (Rule 23(a)(2), (a)(3)).**

The proposed class lacks any viable cause of action. Thus, even if there was a definable or ascertainable class, which there is not, Plaintiffs cannot met their burden of setting forth evidence that "there are questions of law or fact common to the class" and "the claims or defenses of the representative parties are typical of the claims or defenses of the class" pursuant

to Federal Rule of Civil Procedure 23(a)(2) and (a)(3), respectively.[1] These two requirements tend to merge, but both "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Falcon*, 457 U.S. 147, 158 n.13.

Plaintiffs' allegation of discrimination is not determinative of "whether a class action may be maintained in accordance with Rule 23 nor defines the class that may be certified." *Id.* at 157. As explained by the United States Supreme Court, there is a wide conceptual gap between (1) the assertion that an individual has been discriminated against based on an otherwise unsupported allegation that the defendant company has a policy of discrimination and (2) "the existence of a class of persons who have suffered the same injury as that individual, such that the individual's claim and the class claims will share common questions of law or fact and that the individual's claims will be typical of the class claims." *Id.* at 157-58. Mere inference or presumption is insufficient to establish the existence of class claims that are "fairly encompassed" within Plaintiffs' claims. *Id.* at 158; *cf East Tex. Motor Freight System Inc. v. Rodriguez*, 431 U.S. 395, 403-04 (1977).

Plaintiffs seek to assert claims of race, color, and national origin discrimination on behalf of the proposed class pursuant to Title VII, Chapter 21 of the Texas Labor Code, and 42 U.S.C. § 1981. Yet, it is clear that commonality and typicality cannot be established in this matter because the proposed class lacks any viable cause of action. Specifically, the proposed class cannot assert any discrimination claim under: (1) Title VII or Chapter 21 because the proposed class has not exhausted administrative remedies; (2) Title VII or Chapter 21 because the

---

[1] Defendants do not address the merits of claims asserted by Plaintiff Carolyn Clay or Plaintiff White Glove Staffing, Inc. in this Response, and Defendants reserve the right to address the lack of merit as to any claim asserted by Clay and/or White Glove in this matter.

members of the proposed class lack any employment relationship with Defendants and did not apply for employment with Defendants; and (3) Section 1981 because there are no proposed or actual contracts between the members of the proposed class and Defendants.

      **1.**    *No Title VII or Chapter 21 Class Claims – Failure to Exhaust Administrative Remedies.*

The proposed class cannot assert claims under Title VII or Chapter 21 of the Texas Labor Code because they have failed to exhaust administrative remedies and do not qualify for the single filing rule exception. "Before instituting a Title VII claim in federal district court, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination and receive statutory notice of the right to sue the respondent named in the charge." *Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982); *see also* 42 U.S.C. § 2000e-5. The single filing rule provides a limited exception to this administrative requirement by permitting a class to "opt-in to a suit filed by any similarly situated plaintiff" if the following three conditions are met: "First, the plaintiff [class] must be 'similarly situated' to the person who actually filed the EEOC charge. Second, the charge must have provided notice of the 'collective or class-wide nature of the charge.' Finally, ... the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff [class] may join." *See Bettcher v. Brown Schools, Inc.*, 282 F.3d 492, 494 (5th Cir. 2001). The single filing rule was implemented in the class action context because "it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC." *Id.* at 495 n.3. Nevertheless, it is imperative that the EEOC charge give notice of collective or class-wide nature of the claims, otherwise employers would be required "to treat all individual charges as potential class actions." *Anson v. Univ. of Tex. Health Science Ctr. at Houston*, 962 F.2d 539, 543 (5th Cir. 1992) (quoting *Kloos v. Carter-Day Co.*, 799 F.2d 397, 400

(8th Cir. 1986); *see also Hayes v. MBNA Tech., Inc.*, Civ. A. 3:03-cv-1766-D, 2004 WL 1283965, at *8 (N.D. Tex., Jun. 9, 2004); *Naik v. MBNA Tech., Inc.*, Civ. A. 3:03-cv-1272-L, 2004 WL 690850, at *5, (N.D. Tex., Mar. 30, 2004); *Otokunrin v. MBNA Tech., Inc.*, Civ. A. 3:03-cv-1509-G, 2004 WL 833599, at *4-5 (N. D. Tex., Apr. 16, 2004).

The proposed class did not exhaust administrative remedies. Further, they cannot rely upon the charges filed by Carolyn Clay or White Glove, as the first and second elements of the single filing rule are not met. First, the proposed class members are not similarly situated to either White Glove or Clay. White Glove, a staffing agency, asserts it was denied contracts with Defendants due to Defendants' alleged discriminatory practice of only wanting Hispanic individuals to work in Methodist's kitchen. *See* Motion at 4-5. Clay is an individual who actually worked at Methodist and who alleges she was sent home due to the same alleged discriminatory practice. *See* Motion at 3-4. Conversely, the proposed class members are "employees of White Glove Staffing who would have been supplied to [Defendants] to be banquet servers, prep cooks, dishwashers, and set-up crews." *See* Motion at 1. In other words, the proposed class consists of individuals who never worked at Defendants' facilities and were never sent to work at Defendants' facilities. Their claims are based upon multiple inferences that, but for Defendants' alleged discriminatory practice, (1) Defendants would have contracted with White Glove for temporary staffing services, (2) Defendants would have requested White Glove provide banquet servers, prep cooks, dishwashers, and set-up crews, despite the fact the proposed contract lacks any such requirement, (3) White Glove would have sent each of the proposed class members in response to Defendants' request(s), and (4) the proposed class members would have been qualified, available, and agreeable to working at Defendants' facilities. The basis for the proposed class's claims is readily distinguishable from that of both

White Glove and Clay.[2] Thus, the proposed class is not similarly situated to either White Glove or Clay and cannot meet the requirements for the single filing rule.

In addition, the proposed class cannot meet the second element of the single filing rule because neither White Glove nor Clay's EEOC charge provide notice that the nature of their respective charge is collective or class wide.[3] To the extent Plaintiffs intend to argue that Defendants were put on notice of the class wide nature of their complaint based upon the allegation that Defendants had a discriminatory policy of only wanting to Hispanic employees to work in the kitchen, such argument has been squarely rejected by Courts in the Fifth Circuit. *See, e.g., Anson*, 962 F.2d at 543; *Hayes*, 2004 WL 1283965, at *8 (dismissing class claims because, "[a]lthough Hayes discussed company-wide discrimination against African-Americans on several grounds [in her EEOC charge], she did not give the EEOC or MBNA notice that she was asserting class claims. Under these circumstances, MBNA would have to assume that she did assert a class claim, a premise this circuit rejects.") (internal citations omitted). Accordingly, because nothing in Clay or White Glove's charges put Defendants on notice that either of Plaintiffs' respective claims are collective or class wide, the prospective class does not qualify for the single filing rule.

The prospective class has failed to satisfy administrative requirements, so they cannot assert claims under Title VII or Chapter 21 of the Texas Labor Code. Accordingly, Plaintiffs cannot make the requisite showing under Federal Rule of Civil Procedure 23(a)(2) and (a)(3), and Plaintiffs' Motion must be denied.

---

[2] The differences between Plaintiffs' claims and the claims they seek to assert on behalf of the proposed class are further evidence of the lack of commonality and typicality required by Rule 23(a)(2) and (a)(3).
[3] *See* Charges of Discrimination filed by Carolyn Clay and "White Glove Staffing Inc. (Linda White)," which are attached to Plaintiffs' First Amended Class Action Complaint (Dkt. No. 13) as pages 17-19.

### 2. *No Title VII or Chapter 21 Class Claims – No Employment Relationship.*

The proposed class cannot assert a race, color, or national origin claim pursuant to Title VII or Chapter 21 of the Texas Labor Code because none of the proposed class had or sought an employment relationship with Defendants. Title VII and Chapter 21 prohibit an employer from failing or refusing to hire or to discharge any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a); TEX. LABOR CODE ANN. § 21.051. A Title VII and Chapter 21 claim must necessarily involve an employment relationship. *Diggs v. Harris Hosp.—Methodist, Inc.*, 847 F.2d 270, 272 (5th Cir. 1988); *Patton v. United Parcel Service, Inc.*, 910 F. Supp. 1250, 1278 (S.D. Tex. 1995).

Here, there is no allegation that any of the members of the proposed class ever worked for Defendants or offered to work for Defendants. *See* Motion at 4-5; *see also, generally,* Plaintiffs' Second Amended Class Action Complaint. Because none of the proposed class had or sought an employment relationship with Defendants, they cannot assert a discrimination claim pursuant to Title VII or Chapter 21. Accordingly, Plaintiffs cannot make the requisite showing under Federal Rule of Civil Procedure 23(a)(2) and (a)(3), and Plaintiffs' Motion must be denied.

### 3. *No Section 1981 Class Claim – No Contractual Relationship.*

The proposed class cannot assert a race, color, or national origin discrimination claim pursuant to 42 U.S.C. § 1981 because there was no potential or existing contractual relationship with either Defendant. To set forth a claim of discrimination under Section 1981, a plaintiff must establish "(1) that she is a member of a racial minority; (2) that [the defendant] had intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 357 (5th Cir. 2003); *Morris v. Dillards Dept. Stores, Inc.*, 277 F.3d 743, 751 (5th Cir. 2001). A plaintiff

cannot state a Section 1981 claim unless he has or would have had rights under the existing or proposed contract the plaintiff seeks to make and enforce. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 479-80 (2006) ("Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of their own contractual relationship, not of someone else's.").

Here, there is no allegation any of the members of the proposed class ever worked for Defendants or offered to work for Defendants. *See* Motion at 4-5; *see also, generally*, Plaintiffs' Second Amended Class Action Complaint. It is further undisputed that there was never an existing or proposed contract between any of the proposed class members and either Defendant. *See id.* Because none of the proposed class members had or sought to enter into any contracts with either Defendant, they cannot state a claim upon which relief can be granted under Section 1981. Accordingly, Plaintiffs cannot make the requisite showing under Federal Rule of Civil Procedure 23(a)(2) and (a)(3), and Plaintiffs' Motion must be denied.

### D. Adequacy of Repetitive Party Requirements Not Met (Rule 23(a)(4)).

Rule 23(a)(4) requires Plaintiffs to establish they will fairly and adequately protect the interests of the class. To meet this requirement, Plaintiffs must show they are "part of the class and 'possess the same interest and suffer the same injury' as the class members."[4] *East Tex. Motor Freight Sys. Inc.*, 431 U.S. at 403. Plaintiffs cannot meet this burden.

First, as set forth in Section II(b) above, the proposed class is not adequately defined or clearly ascertainable. In absence of a clearly defined or readily ascertainable class, it is not possible for Plaintiffs to establish they are part of the proposed class. Second, as set forth in Section II(C) above, the basis for the proposed class's claims is readily distinguishable from that of both White Glove and Clay and the proposed class lacks any viable cause of action. Thus,

---

[4] This requirement also tends to merge with the commonality and typicality requirements of Rule 23(a)(2) and (a)(3), respectively. *Falcon*, 457 U.S. at 158 n. 13.

neither Plaintiff possesses the same interest or has suffered the same injury as the proposed class members.[5] Accordingly, Plaintiffs cannot make the requisite showing under Federal Rule of Civil Procedure 23(a)(4), and Plaintiffs' Motion must be denied.

**D.  Rule 23(b) Requirements Not Met.**

In addition to the requirements of Federal Rule of Civil Procedure 23(a), a class certification must also meet the requirements of one of the three categories under Rule 23(b). Plaintiffs seek to establish class certification under Rule 23(b)(3), which requires a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). "Rule 23(b)(3)'s predominance criterion is even more demanding that Rule 23(a)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013).

As set forth in Section II(C) above, Plaintiffs cannot demonstrate there are questions of law or fact common to the class pursuant to Rule 23(a), so Plaintiffs cannot meet the more demanding predominance standard set forth by Rule 23(b)(3). Accordingly, Plaintiffs cannot make the requisite showing under Federal Rule of Civil Procedure 23(b)(3), and Plaintiffs' Motion must be denied.

### III.
### PRAYER

WHEREFORE PREMISES CONSIDERED, Defendants pray that the Court deny Plaintiffs' Motion for Class Certification and Notice to Potential Plaintiffs, and for such other and further relief to which Defendants may be justly entitled.

---

[5] *Supra* n.1.

Respectfully submitted,

BURFORD & RYBURN, L.L.P.

By: /s/ Nicole L. Tong
SIMON D. WHITING
Texas State Bar No.: 21373600
NICOLE L. TONG
Texas State Bar No.: 21466202

500 North Akard Street, Suite 3100
Dallas, Texas 75201-6697
Telephone: 214-740-3119
Facsimile: 214-740-2832
Email: swhiting@brlaw.com
Email: ntong@brlaw.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

DATED: February 26, 2018.

/s/ Nicole L. Tong
NICOLE L. TONG