IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC., CAROLYN CLAY, LINDEY DANCEY, LEA REED, and KAMARIO SIMPSON, Individually, and on Behalf of a Class of Similarly Situated Individuals, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-CV-1158-K |
| METHODIST HOSPITALS OF DALLAS, and DALLAS METHODIST HOSPITALS FOUNDATION, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion for Class Certification and Notice to Potential Plaintiffs (Doc. No. 42). After carefully considering the motion, relevant documents, and applicable law, the Court **DENIES** Plaintiffs' motion because the proposed class is too speculative to be clearly ascertainable.

I. Background

Plaintiff White Glove Staffing, Inc. ("White Glove"), a staffing agency, entered contract negotiations to provide for Defendants' staffing needs. During these initial negotiations, Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively "Methodist") allegedly informed White Glove that the head chef preferred Hispanic employees. Before entering a contract, Methodist

1

asked White Glove to provide Methodist with a prep cook. White Glove sent Plaintiff Carolyn Clay ("Clay"). Clay is African American. Allegedly, Clay worked for Methodist for only a few days before Methodist told White Glove that Clay was not working out and asked White Glove to send someone else. The next day, White Glove sent Clay back to Methodist because White Glove could not find another prep cook on short notice. Methodist allegedly asked Clay to leave. Methodist contacted White Glove and allegedly stated the head chef only wanted Hispanic employees. Later that day, Methodist ended contract negotiations and informed White Glove that it would not enter a staffing contract with White Glove.

White Glove and Clay filed suit against Methodist for employment discrimination and retaliation. Plaintiffs Lindey Dancey, Lea Reed, and Kamario Simpson joined the suit as African American individuals White Glove allegedly would have supplied to work for Methodist had Methodist entered the staffing contract. Plaintiffs now seek class certification to include 40 to 75 other individuals who were allegedly discriminated against.

## II. Motion Is Timely

In its response, Methodist argues Plaintiffs' motion for class certification is untimely under Local Civil Rule 23.2, which requires a plaintiff to move for certification within 90 days of filing its class action complaint or as ordered by the court. Plaintiffs argue they filed the motion after the 90-day deadline because some discovery needed to be completed to support the motion for class certification.

Because some discovery was needed, the Court holds the motion for class certification is timely.

### III. Class Certification

#### a. Legal Standard

Before establishing the requirements under Federal Rules of Civil Procedure Rule 23 to certify a class, the plaintiff must show it has met Rule 23's implicit ascertainability requirement. *Frey v. First Nat'l Bank Southwest*, 602 Fed. App'x 164, 168 (5th Cir. 2015). "[I]n order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *Id*. A proposed class's definability and ascertainability are consequently implied prerequisites to Rule 23's requirements for class certification. *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) Once the party seeking certification establishes that a putative class is definable and ascertainable, that party must demonstrate that the putative class meets all four requirements of Rule 23(a) and at least one of the three requirements of Rule 23(b). *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 345 (2011).

Plaintiffs bear the burden of showing that class certification is appropriate. *Unger v. Amedisys, Inc.*, 401 F.3d 316, 320 (5th Cir. 2005). Class certification is at the discretion of the court, which has inherent power to manage and control pending litigation. *Fener v. Operating Eng'r Const. Indus. & Miscellaneous Pension Fund (Local 66)*, 579 F.3d 401, 406 (5th Cir. 2009). Although a court does not reach the merits of the case in evaluating whether class treatment is appropriate, it may look past the

pleadings to understand the claims, defenses, relevant facts, and applicable substantive law to make a meaningful decision on class certification. *Unger*, 401 F.3d 316 at 321.

  b. **Analysis**

    i. **Definability and Ascertainability**

The Court must determine that membership in a proposed class is ascertainable by objective criteria before it reaches the Rule 23 class certification analysis. *Frey v. First Nat'l Bank Southwest*, Civ. Action No. 3:11-CV-3093, 2013 WL 11309592, at *5 (N.D. Tex. Feb. 20, 2013) (Godbey, J.) *aff'd*, 602 Fed. App'x 164, 168–69 (5th Cir. 2015). Plaintiffs define the proposed class as "all employees of White Glove Staffing who would have been supplied to Defendants to be banquet servers, prep cooks, dishwashers, and set-up crews." Plaintiffs argue this proposed class is readily ascertainable from White Glove's employment records. Methodist argues the proposed class relies on multiple highly speculative assumptions that make the proposed class unascertainable.

While "[t]he court need not know the identity of each class member before certification," the class must be clearly ascertainably such that "the court [is] able to identify class members at some stage of the proceeding." *Frey*, 602 Fed. App'x at 168. "It is elementary that in order to maintain a class action, the class sought to be represented must be adequately defined and clearly ascertainable." *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970) (finding a proposed class made up of

4

"residents of this State active in the 'peace movement'" too vague). "[V]ague and subjective elements within the definition may render a class unascertainable." *Simms v. Jones*, 296 F.R.D. 485, 506 (N.D. Tex. 2013) (Lynn, J.).

The proposed class here are "all employees of White Glove Staffing who would have been supplied to Defendants to be banquet servers, prep cooks, dishwashers, and set-up crews." However, this proposed class relies on multiple assumptions that cannot be readily verified. The proposed class assumes: (1) Methodist would have entered a staffing contract with White Glove; (2) Methodist would have asked White Glove to provide banquet servers, prep cooks, dishwashers, and set-up crews despite no evidence that the proposed contract included such a requirement; (3) White Glove would have sent each of the proposed class members in response to Methodist's hypothetical request; and (4) the proposed class members would be qualified, available, and agreeable to work at Methodist. These assumptions make the proposed class too vague and speculative. No additional discovery or time could clearly and objectively determine who would fall within this highly speculative class. Thus, the proposed class is too vague to be clearly ascertainable, as implicitly required under Rule 23. *See id; see also Frey*, 602 Fed. App'x at 168.

IV. **Conclusion**

Although other grounds exist for denying class certification, the Court need not address the other class certification requirements under Rule 23 because White Glove's highly speculative proposed class falls far short of being clearly ascertainable.

Because White Glove's proposed class is too speculative to meet the implicit ascertainability requirement, the Court **DENIES** White Glove's motion for class certification.

**SO ORDERED.**

Signed May 29th, 2018.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE