IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC., CAROLYN CLAY, LINDEY DANCEY, KAMARIO SIMPSON, and LEA REED, Individually and on Behalf of a Class of Similarly Situated Individuals <br><br> Plaintiffs, <br><br> v. <br><br> METHODIST HOSPITALS OF DALLAS, AND DALLAS METHODIST HOSPITALS FOUNDATION <br><br> Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:17-cv-01158-K |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW, Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation ("Defendants"), Defendants in the above entitled and numbered cause, and file this their Partial Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, and for same would respectfully show the Court as follows:

### I.
### STATEMENT OF THE CASE

This is a case in which Plaintiffs allege Defendants had a preference for having Hispanic individuals work in the kitchen at Methodist Dallas Medical Center ("Methodist"). Plaintiffs further allege that, as a result of this alleged preference, Defendants (1) refused to enter contracts with White Glove Staffing, Inc. ("White Glove") because White Glove employs individuals that are not Hispanic and (2) refused to employ Carolyn Clay (African American), Lindey Dancey (African American), Kamario Simpson (African American), and Lea Reed (African American)

because they are not Hispanic. White Glove has asserted a retaliation claim under 42 U.S.C. § 1981. Clay, Dancey, Simpson, and Reed have asserted claims of race, color, and national origin discrimination under Title VII, Chapter 21 of the Texas Labor Code, and 42 U.S.C. § 1981.

Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, from the relief demanded from (1) both Defendants by Plaintiffs Simpson, Reed, Dancey and White Glove; and (2) Defendant Dallas Methodist Hospitals Foundation by Plaintiff Clay.[1] There are no genuine issues as to any material fact with regard to these Plaintiffs' claims. Defendants are entitled to judgment as a matter of law because there is no evidence to sustain one or more essential elements of each of these Plaintiffs' claims pled herein and because Defendants' summary judgment evidence conclusively establishes that it is entitled to summary judgment on all of these Plaintiffs' claims. Defendants state that each of the matters required by Local Rule 56.3(a) of the Local Civil Rules for the United States District Court for the Northern District of Texas will be set forth in Defendants' Brief in Support of its Motion for Summary Judgment.

## II.
## ALLEGATIONS OF LIABILITY

In Plaintiffs' Second Amended Class Action Complaint they assert the following causes of action:

1. that Defendants retaliated against White Glove by refusing to let Clay work at Defendants' facilities and by terminating contractual negotiations with White Glove because White Glove refused to remove Clay as a temporary staffing employee from Defendants' facilities in violation of 42 U.S.C. § 1981; and

---

[1] Defendant Methodist Hospitals of Dallas does not seek summary judgment as to the Title VII, Chapter 21, and Section 1981 claims asserted by Plaintiff Carolyn Clay, except for Clay's claim for exemplary damages.

2. that Defendants discriminated against Plaintiffs Clay, Dancey, Simpson, and Reed because of race, color, and national origin in violation of Title VII, Chapter 21 of the Texas Labor Code, and 42 U.S.C. § 1981.

## III.

### DEFENDANT'S EVIDENCE IN SUPPORT OF ITS MOTION

In support of this Motion, Defendants rely upon:

A. The Affidavit of Nicole L. Tong, attached to the Appendix to this Motion for Summary Judgment and fully incorporated herein, which includes the following attachments:

1. Plaintiff's Second Amended Class Action Complaint (Exhibit "A");

2. Defendants' Original Answer to Plaintiffs' First Amended Class Action Complaint Subject to Defendants' 12(b)(6) Motion to Dismiss (Exhibit "B");

3. Excerpts of the deposition of Linda White, taken on November 2, 2017 (Exhibit "C");

4. Excerpts of the deposition of Michael White, taken on November 1, 2017 (Exhibit "D");

5. Excerpts of the deposition of Shawn White, taken on November 1, 2017 (Exhibit "E");

6. Excerpts of the deposition of Carolyn Clay, taken on November 10, 2017 (Exhibit "F");

7. Excerpts of the deposition of Jeff Jennings, taken on October 20, 2017 (Exhibit "G");

8. Excerpts of Plaintiff White Glove's First Amended Responses to Defendant's First Interrogatories (Exhibit "H");

9. Charge of Discrimination filed by Carolyn Clay, signed June 27, 2016 (produced by White Glove as WHITE GLOVE 00001) (Exhibit "I");

10. Charge of Discrimination filed on behalf of White Glove Staffing, Inc., signed July 11, 2016 (produced by White Glove as WHITE GLOVE 00002-0003) (Exhibit "J");

11. Charge of Discrimination filed on behalf of White Glove Staffing, Inc., signed August 25, 2016 (produced by White Glove as WHITE GLOVE 00004-0005) (Exhibit "K");

12. Plaintiff Lindey Dancey's Responses to Defendant Methodist Hospitals of Dallas' First Request for Admission (Exhibit "L");

13. Plaintiff Kamario Simpson's Responses to Defendant Methodist Hospitals of Dallas' First Request for Admission (Exhibit "M"); and

14. Plaintiff Lea Reed's Responses to Defendant Methodist Hospitals of Dallas' First Request for Admission (Exhibit "N").

## IV.
## GROUNDS FOR SUMMARY JUDGMENT

Defendants seek summary judgment on the grounds that there is **no evidence** of the following essential elements of each of the following claims:

1. White Glove cannot establish a claim for retaliation under 42 U.S.C. § 1981 because there is no evidence of any causal link between a protected activity by White Glove and Defendants' adverse action;

2. Dancey, Simpson, and Reed cannot establish the second, third, or fourth elements of a *prima facie* case for race, color, or national origin under Title VII, the Texas Labor Code, or 42 U.S.C. § 1981 because there is no evidence they were qualified for the position sought or held, they were subjected to an unfavorable personnel action, or they were replaced by someone outside the protected class;

3. Clay cannot establish the second, third, or fourth elements of a *prima facie* case for race, color, or national origin under Title VII, the Texas Labor Code, or 42 U.S.C. § 1981 against Dallas Methodist Hospitals Foundation because there is no evidence she was qualified for a position sought or held with Dallas Methodist Hospitals Foundation, she was subjected to an unfavorable personnel action by Dallas Methodist Hospitals Foundation, or she was replaced by someone outside the protected class; and

4. None of the Plaintiffs can establish a right to exemplary damages because there is no evidence Defendants acted with malice or conscious indifference to Plaintiffs' state or federally protected rights.

Defendants further seek summary judgment on the grounds that the **summary judgment evidence conclusively establishes** the following:

1. There is no causal link between a protected activity by White Glove and the alleged adverse action, so White Glove cannot assert a claim under 42 U.S.C. § 1981;

2. Dancey, Simpson, and Reed failed to exhaust administrative remedies, so they cannot assert a claim for race, color, or national origin under Title VII or the Texas Labor Code;

3. Dancey, Simpson, and Reed never sought or obtained an employment relationship with either Defendant so they cannot assert a claim for race, color, or national origin under Title VII or the Texas Labor Code; and

4. Dancey, Simpson, and Reed never sought or obtained a contractual relationship with either Defendant, so they cannot assert a claim for race, color, or national origin under 42 U.S.C. § 1981.

## V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation respectfully pray that the Court, upon notice and hearing, grant their Partial Motion for Summary Judgment and enter judgment that Plaintiff White Glove Staffing, Inc., Lindy Dancey, Kamario Simpson, and Lea Reed recover nothing of or from these Defendants on the claims asserted by them concerning their allegations in this lawsuit; that Plaintiff Carolyn Clay recover nothing of or from Defendant Dallas Methodist Hospitals Foundation on the claims asserted by her concerning her allegations in this lawsuit; and that Plaintiffs recover nothing of or from these Defendants on their exemplary damages

claims. Defendants further pray for costs of Court and for such other and further relief, both general and special, to which they may show themselves justly entitled.

                        Respectfully submitted,

                        BURFORD & RYBURN, L.L.P.

By:   /s/ Simon D. Whiting
       SIMON D. WHITING
       Texas State Bar No.: 21373600
       swhiting@brlaw.com
       NICOLE L. TONG
       Texas State Bar No.: 24066202
       ntong@brlaw.com

       500 N. Akard, Suite 3100
       Dallas, Texas 75201-6697
       Telephone: 214-740-3119
       Facsimile: 214-740-2832

       ATTORNEYS FOR DEFENDANTS
       METHODIST HOSPITALS OF DALLAS AND
       DALLAS METHODIST FOUNDATION

## CERTIFICATE OF SERVICE

I hereby certify that I electronically submitted the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case file system of the Court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

DATED: June 1, 2018.

                        /s/ Nicole L. Tong
                        NICOLE L. TONG