IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WHITE GLOVE STAFFING, INC., CAROLYN CLAY, LINDEY DANCEY, LEA REED, and KAMARIO SIMPSON, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:17-CV-1158-K |
| METHODIST HOSPITALS OF DALLAS, and DALLAS METHODIST HOSPITALS FOUNDATION, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. No. 52) (the "Motion"). After carefully considering the Motion, response, reply, relevant documents, record, and applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion.

The Court **GRANTS** summary judgment as to all claims brought by Plaintiffs Lindey Dancey, Lea Reed, and Kamario Simpson (collectively, "Added Plaintiffs"). The summary-judgment evidence establishes that (1) Added Plaintiffs did not exhaust their administrative remedies and do not qualify under the single-filing exception for purposes of their claims under Title VII of the Civil Rights Act of 1964 and the Texas Commission on Human Rights Act and (2) Added Plaintiffs did not have the necessary "contractual relationship" for purposes of their § 1981 discrimination claims.

1

The Court additionally **GRANTS** summary judgment as to Plaintiff Carolyn Clay's ("Clay") claims against Defendant Dallas Methodist Hospitals Foundation ("Foundation"), as Clay does not oppose the dismissal of her claims against Foundation. Defendant Methodist Hospitals of Dallas ("Hospitals") does not move the Court for summary judgment as to Clay's claims except with regard to punitive damages.

The Court **DENIES** summary judgment as to Clay's claims against Hospitals for punitive damages, as genuine issues of material fact still exist.

The Court does not rule on the Motion as to Plaintiff White Glove Staffing, Inc.'s ("White Glove") § 1981 retaliation claims against Defendants Methodist Hospitals of Dallas and Dallas Methodist Hospitals Foundation (collectively, "Methodist"). The Court reserves the opportunity to rule on these claims at a later time.

I. **Factual Background**

White Glove, a staffing agency, entered into contract negotiations to provide for Methodist's staffing needs. During the initial negotiations, Methodist's Catering Coordinator/Special Events, Jeff Jennings ("Jennings"), allegedly informed White Glove that Methodist's head chef preferred Hispanic employees. After this meeting, Jennings called White Glove and set a meeting for a week later. The alleged purpose of this scheduled meeting was for White Glove and Methodist to enter into a contract.

2

After the initial negotiations, but before entering into any contract, Methodist asked White Glove to provide Methodist with a prep cook. White Glove sent Clay. Clay is African American. Clay worked for Methodist for only a few days before Jennings called White Glove and explained that Clay was not working out. During this phone call, Jennings allegedly informed White Glove that Methodist's head chef was not happy with Clay because the head chef wanted Hispanic employees. Jennings asked White Glove to provide another prep cook.

The next day, White Glove sent Clay back to Methodist. Another chef at Methodist allegedly asked Clay to leave. Jennings contacted White Glove and allegedly stated that Clay was sent home because the head chef only wanted Hispanic employees. This incident occurred the same day Methodist and White Glove were scheduled to meet to allegedly sign a contract. After Methodist sent Clay home, Methodist cancelled the scheduled meeting and informed White Glove that it would not enter into a staffing contract with White Glove.

## II. Procedural Background

White Glove and Clay filed suit against Methodist for employment discrimination and retaliation. Added Plaintiffs joined the suit as African-American individuals White Glove allegedly would have supplied to Methodist had Methodist entered into the staffing contract.

Methodist moved to dismiss White Glove's discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), discrimination and

retaliation claims under the Texas Commission on Human Rights Act ("TCHRA"), and discrimination claim under 42 U.S.C. § 1981. The Court granted Methodist's motion and dismissed all of these claims. White Glove moved the Court to reconsider the dismissal of White Glove's § 1981 discrimination claim. The Court denied White Glove's motion to reconsider. White Glove's only remaining claim is the retaliation claim under § 1981.

III. **Legal Standard**

Summary judgment is appropriate when the pleadings, affidavits, and other summary-judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute of a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant, and all disputed facts resolved in favor of the nonmovant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

The moving party bears the burden of identifying those portions of the record it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322–25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show the existence of a genuine fact issue for trial; however, the

nonmovant may not rest upon allegations in the pleadings to make such a showing. *Id*. at 321–25; *Anderson*, 477 U.S. at 255–57. Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249–52; *Boudreaux*, 402 F.3d at 540. "Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, or where it is so overwhelming that it mandates judgment in favor of the movant, summary judgment is appropriate." *Alton v. Texas A&M Univ.*, 168 F.3d 196 (5th Cir. 1999). If the nonmovant fails to make a sufficient showing to prove the existence of an essential element to the case and on which the nonmovant will bear the burden of proving at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322.

IV. Analysis

a. **Added Plaintiffs' Claims**

Added Plaintiffs' Title VII and TCHRA claims cannot survive summary judgment because Added Plaintiffs failed to exhaust their administrative remedies and do not satisfy the single-filing exception to the exhaustion requirement. Added Plaintiffs' § 1981 claims cannot survive summary judgment because there is no evidence of the necessary "contractual relationship" between Added Plaintiffs and Methodist.

### i. Added Plaintiffs' Title VII Claims

A plaintiff with a Title VII claim must exhaust all administrative remedies before bringing suit. *Lavigne v. Cajun Deep Founds., L.L.C.*, 654 F. App'x 640, 643 (5th Cir. 2016). A plaintiff suing under Title VII "first must file a charge with the EEOC within 180 days of the alleged discriminatory act." *Price v. Choctaw Glove & Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). The single-filing exception is an exception to the exhaustion requirement. *Id.* The single-filing exception allows for a plaintiff who failed to exhaust his or her own administrative remedies to "opt-in to a suit filed by any similarly situated plaintiff under certain conditions." *Id.* (quoting *Bettcher v. The Brown Schools, Inc.*, 262 F.3d 492, 494 (5th Cir. 2001)). This exception is "carefully limited." *Id.* (quoting *Bettcher*, 262 F.3d at 493).

> There are three requirements for a plaintiff to invoke the single-filing exception:
>
> First, the plaintiff must be similarly situated to the person who actually filed the EEOC charge. Second, the charge must have provided some notice of the collective or class-wide nature of the charge. Finally, a prerequisite—implicit to be sure—for piggybacking under the single filing rule is the requirement that the individual who filed the EEOC charge must actually file a suit that the piggybacking plaintiff may join.

*Id.* at 599 (internal citations omitted). A conclusory statement by a plaintiff that he or she is "similarly situated" to another plaintiff is not enough to prove that the plaintiff satisfies the first requirement of the single-filing exception. *See Arrieta v. Yellow Transp., Inc.*, Civ. Action No. 3:05-CV-2271-D, 2008 WL 5220569, at *25 (N.D. Tex. Dec. 12, 2008) (Fitzwater, C.J.).

The Court first notes that Added Plaintiffs fail to cite any evidence in their response in support of the first requirement of the single-filing exception. The Added Plaintiffs' argument concerning the similarly situated requirement is only two sentences: "[Added Plaintiffs] are similarly situated to Clay. Each is African American, works for White Glove, and would have been staffed to Methodist had it not been for Methodist's unlawful hiring policy."

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). By failing to cite any evidence, Added Plaintiffs attempt to satisfy the similarly situated requirement solely through the conclusory statements in their response. Added Plaintiffs' reliance upon conclusory statements would justify summary judgment on their Title VII claims by itself. *See Arrieta*, 2008 WL 5220569, at *25.

The Court nevertheless reviewed the record for evidence in support of the similarly situated requirement. Upon the Court's own review, Added Plaintiffs' summary-judgment evidence for the first requirement of the exception consists of one statement in the declaration of Linda White, the President of White Glove Staffing: "[Added Plaintiffs] are just a few of the employees White Glove would have supplied to [Methodist] had [Methodist] not unlawfully refused to

7

enter into a contract with White Glove because White Glove employs non-Hispanic employees."

This statement, by itself, does not present a genuine issue of material fact concerning whether Added Plaintiffs are similarly situated to Clay. White Glove provided Clay to Methodist until Methodist allegedly sent Clay away because of her race. Michael White, the Vice President of Operations for White Glove, stated in his deposition that the only other employees that White Glove provided to Methodist were Maria Amaya and Andres Balam. Linda White's single statement regarding her alleged intent to provide Added Plaintiffs to Methodist at some indefinite time in the future is not sufficient summary-judgment evidence to create a genuine issue of material fact as to whether the Added Plaintiffs were similarly situated to Clay. There is no evidence of actual steps by White Glove to provide Added Plaintiffs to Methodist. White Glove instead provided two other employees to Methodist when White Glove did not provide Clay. Because Added Plaintiffs must rely upon the single-filing exception to bring their Title VII claims and have failed to provide sufficient evidence that there is a genuine issue of material fact about the "similarly situated" requirement, the Court need not address the other two requirements of the single-filing exception. Methodist is entitled to summary judgment on Added Plaintiffs' discrimination and retaliation claims under Title VII.

    ii. **Added Plaintiffs' TCHRA Claims**

The recent discussion of the exhaustion requirement by the Fifth Circuit and Texas Supreme Court makes clear that the exhaustion requirement is still a prerequisite for a plaintiff to commence a suit under TCHRA. *See Gorman v. Verizon Wireless Texas, L.L.C.*, 753 F.3d 165, 168–70 (5th Cir. 2014); *In re United Servs. Auto. Ass'n* ("*USAA*"), 307 S.W.3d 299 (Tex. 2010). The Fifth Circuit and Texas Supreme Court only clarified that a plaintiff's failure to exhaust his or her administrative remedies does not divest a court of jurisdiction. *See Gorman* 753 F.3d at 169–70. A plaintiff still must comply with the mandatory requirement that he or she exhaust administrative remedies before bringing suit. *See id.*; *USAA*, 307 S.W.3d at 307–10. The courts in effect harmonized TCHRA and Title VII, especially since "[t]he substantive law governing Title VII and TCHRA retaliation claims is identical." *Gorman* 753 F.3d at 169–70; *see also Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) (explaining that the law governing all Title VII and TCHRA claims is the same).

Added Plaintiffs did not satisfy the "mandatory" requirement that they exhaust their administrative remedies. Added Plaintiffs never assert that they obtained a right-to-sue letter for their TCHRA claims and thus exhausted their administrative remedies. *See Gorman*, 753 F.3d at 170 (holding that the court had *jurisdiction* to hear the merits of the case because the plaintiff eventually obtained a right-to-sue letter). Added Plaintiffs instead assume that the single-filing exception, which applies to Title VII claims, applies to their TCHRA claims. Added Plaintiffs' assumption may have merit in light of the Fifth Circuit's harmonization of Title VII and TCHRA in *Gorman*;

however, as discussed above, Added Plaintiffs do not satisfy the single-filing exception for Title VII purposes. Because Added Plaintiffs are not "similarly situated" to either Clay or White Glove for purposes of the single-filing exception under Title VII, they do not qualify for any analogous exception under TCHRA. *See id.* Methodist is entitled to summary judgment on Added Plaintiffs' discrimination and retaliation claims under the TCHRA.

### iii. Added Plaintiffs' § 1981 Discrimination Claim

Plaintiffs alleging discrimination under § 1981 must establish three elements: "(1) they are members of a racial minority; (2) [d]efendants intended to discriminate on the basis of race; and (3) the discrimination concern[s] one or more of the activities enumerated in [§ 1981]." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). "Mak[ing] and enforc[ing] contracts" is an enumerated activity under § 1981. 42 U.S.C. § 1981(a) (2012). This activity "includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." § 1981(b). Added Plaintiffs allege that Methodist violated this protected activity.

A plaintiff need not have a contractual relationship prior to the alleged discrimination. *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). "[Section] 1981 protects the would-be contractor along with those who already have made contracts." *Id.* Although a plaintiff does not need a contractual relationship prior to the alleged discrimination, a plaintiff must have his or her "own contractual relationship"

10

to establish a § 1981 discrimination claim. *Id.* at 480. The Supreme Court refused to interpret § 1981 as allowing "actual targets" of discrimination to bring suit when their injuries stem from a defendant's contractual relationship with another party. *Id.* at 478. For example, even the sole shareholder of a corporation is not a proper plaintiff under § 1981 when the defendant's alleged discrimination was the refusal to contract with the corporation. *Body by Cook, Inc.*, 869 F.3d at 388. The sole shareholder, in other words, was a third party to the contractual relationship that would allow a contracting party to sue under § 1981. *See Domino's Pizza, Inc.*, 546 U.S. at 476; *Body By Cook, Inc.*, 869 F.3d at 388.

Added Plaintiffs are "third parties" to the alleged contractual relationship between White Glove and Methodist. The only contractual relationship that Added Plaintiffs can claim they have with Methodist is one that is derivative of White Glove. *See Bellows v. Amoco Oil Co.*, 118 F.3d 268, 276–77 (5th Cir. 1997) (holding that an individual plaintiff did not have a § 1981 claim when its claim was "merely derivative" of the corporation in which the plaintiff had an ownership interest). As discussed above, White Glove had not provided Added Plaintiffs to Methodist and merely planned to supply Added Plaintiffs as employees at some point in the future. Whereas Clay did work for Methodist before Methodist allegedly dismissed her because of her race, Added Plaintiffs had no such relationship with Methodist. If the sole shareholder of a corporation is not a proper plaintiff when the corporation itself is the party to the contractual relationship, then Added Plaintiffs are not proper plaintiffs when White

11

Glove only planned to provide them to Methodist at some point in the future. *See Body by Cook, Inc.*, 869 F.3d at 388. Because Added Plaintiffs do not have their own contractual relationship with Methodist, they cannot establish their § 1981 discrimination claims. Methodist is entitled to summary judgment on Added Plaintiffs' § 1981 discrimination claims.

### b. Clay's Claims Against Foundation

In the Motion, Foundation, alone, moved for summary judgment as to all of Clay's claims against it. "Clay alone does not oppose [the] request to dismiss her claims against [Foundation.]" Because Clay does not oppose the grant of summary judgment as to her claims against Foundation, the Court grants summary judgment to Foundation as to all of Clay's claims.

### c. Clay's Claims for Punitive Damages

A court may award punitive damages to a plaintiff with Title VII or § 1981 claims when a defendant violates a plaintiff's rights (1) intentionally and (2) with malice or reckless indifference regarding the plaintiff's rights. *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 534–535 (1999); *Spiller v. Wal-Mart Stores, Inc.*, No. 00-20707, 2001 WL 1692428, at *2 (5th Circ. Nov. 21, 2001) ("To recover punitive damages under Title VII *or § 1981*, a plaintiff must prove that the adverse party acted with malice or reckless indifference." (emphasis added)).

"The terms 'malice' or 'reckless indifference' pertain to the [defendant's] knowledge that it may be acting in violation of federal law, not its awareness that it is

engaging in discrimination." *Kolstad*, 527 U.S. at 535. The TCHRA allows for punitive damages when the defendant acts with malice or reckless indifference as well. *Miller v. Raytheon Co.*, 716 F.3d 138, 147 (5th Cir. 2013).

The Court concludes that based upon the summary-judgment evidence before it, genuine issues of material fact exist on Clay's claims for punitive damages; therefore, summary judgment as a matter of law is not appropriate on Clay's claims for punitive damages.

### d. White Glove's § 1981 Retaliation Claim

At this time, the Court does not rule on Methodist's motion for summary judgment regarding White Glove's retaliation claim under § 1981. The Court reserves the opportunity to rule on this issue at a later time.

## V. Conclusion

Because Added Plaintiffs failed to exhaust their administrative remedies and cannot rely upon the single-filing exception with regard to their Title VII and TCHRA claims, Methodist is entitled to summary judgment as to these claims. Because Added Plaintiffs did not have their own contractual relationship with Methodist with regard to their § 1981 discrimination claims, Methodist is entitled to summary judgment as to these claims. The Court **GRANTS** the Motion as to all of Added Plaintiffs' claims.

Because Clay does not oppose the Motion with regard to her claims against Foundation, Foundation, alone, is entitled to summary judgment as to all of Clay's claims. The Court **GRANTS** the Motion as to all of Clay's claims against Foundation.

Because genuine issues of material fact exist on Clay's claims for punitive damages, Hospitals is not entitled to summary judgment as to Clay's claims for punitive damages. The Court **DENIES** the Motion as to Clay's claims for punitive damages against Hospitals.

The Court does not rule on White Glove's § 1981 retaliation claim against Methodist at this time.

**SO ORDERED.**

Signed September 19th, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE